Juan REGALADO, Appellant,

v.

H.E. BUTT GROCERY COMPANY, Appellee.

No. 04–92–00545–CV.

Court of Appeals of Texas, San Antonio.

July 21, 1993.

Ricky Poole, Speiser, Krause, Madole & Mendelsohn, San Antonio, for appellant.

Stephanie Nelson, W. Richard Ellis, III, P.C., Houston, N. Keith Williams, Wallace, Mosty, Machann, Jackson & Williams, Kerrville, Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, San Antonio, for appellee.

Before BUTTS, PEEPLES and RICKHOFF, JJ.

## OPINION

RICKHOFF, Justice.

This is an appeal from a summary judgment granted in favor of appellee H.E. Butt Grocery Company ("HEB") involving the Worker's Compensation Act (the "Act").[1] Appellant Juan Regalado raises the following issues in five points of error:

(1) whether HEB's conduct in failing to report the injuries suffered by Regalado constituted a waiver of its right to protection under the Act from common law liability;

(2) whether HEB's failure to give either actual or constructive notice of its status as a subscriber to worker's compensation prevented application of the Act;

(3) whether Regalado's status as HEB's "employee" is a question of fact precluding summary judgment; and

(4) whether the trial court erred by granting HEB's contest of Regalado's affidavit of inability to give cost bond.

---

1. The injuries sustained by appellant occurred on September 8, 1989. The version of the Act which was effective on that date is TEX.REV. CIV.STAT.ANN. arts. 8306–8309, repealed by

## STANDARD OF REVIEW

A defendant moving for summary judgment assumes a negative burden of showing as a matter of law that the plaintiff had no cause of action against the defendant and that no material fact issues remain. *Citizens First Nat'l Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex. 1976); *Neigut v. McFadden*, 257 S.W.2d 864, 868 (Tex.Civ.App.—El Paso 1953, writ ref'd n.r.e.). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon v. Mr. Property*, 690 S.W.2d 546, 548 (Tex. 1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant. Any doubts will be resolved against the nonmovant. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311.

## FACTS

The record shows that Regalado was employed as a temporary worker by San Antonio Labor d/b/a Industrial Labor Services ("Industrial"). On September 8, 1989, Regalado and four or five other laborers from Industrial were assigned to work as part of a clean-up crew at a warehouse owned and operated by HEB. While no written contract existed between HEB and Industrial, the two agreed orally that HEB would pay Industrial for Regalado's time and Industrial would pay his wages. Regalado was outfitted for work and transported by Industrial on the day in question to the warehouse, where he was directed to report to an HEB supervisor. At one point in the afternoon, an Industrial laborer approached Regalado and asked him to find another Industrial worker so they could go for a coffee break. While Regalado was looking for the other worker, an HEB employee drove a loader into some crates of milk. The collision caused several crates to fall on top of Regalado, and he suffered a broken leg. Industrial subsequently filed an Employer's First Report of

---

Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), eff. Jan. 1, 1991. All subsequent cites to the revised civil statutes refer to this version of the Act.

Injury or Illness with the Industrial Accident Board and compensation was awarded. Thereafter, Regalado sought damages from HEB based on common law and premise liability. HEB filed a motion for summary judgment on the ground that Regalado's common law claims were barred by the Worker's Compensation Act. The motion was granted.

## WAIVER

■ Under the Act effective at the time of Regalado's injuries, an employer was required to report an employee's injury to the Industrial Accident Board within eight days of the occurrence resulting in injury. TEX. REV.CIV.STAT.ANN. art. 8307 § 7. HEB does not dispute that it did not file such a report. In his first point of error, Regalado argues that HEB's failure to file a report constituted a waiver of the Act's protections and exposed HEB to common law liability. *See id.* at art. 8306 § 3.

In support of his argument, Regalado principally relies on *Producers' Oil Co. v. Daniels,* 249 S.W. 308 (Tex.Civ.App.—Fort Worth 1917), *reversed on other grounds,* 259 S.W. 936 (Tex.Comm'n App.1924, opinion adopted). Regalado quotes the following language from *Daniels* for the proposition that failure to provide notice under TEX.REV.CIV. STAT.ANN. art. 8307 § 7 waives, as a matter of law, the Act's protections from common law liability afforded to subscribers:

> For if the defendant had established the truth of its allegations to the effect that it ... had given notice to the Industrial Accident Board, as required by article 5246qqq (now TEX.REV.CIV.STAT.ANN. art. 8307 § 7), then plaintiff would have no cause of action against his employer, ... but his right would have been against the Texas Employer's Insurance Association.

*Id.* at 308.

As a preliminary consideration, we note that the issue of waiver was not before the *Daniels* court; thus, the foregoing language is not authoritative. Nor do we find any other cases which control on this point.

In our view, the failure to file an injury report in compliance with article 8307 § 7 does not constitute a waiver of the Act's protections. We note that no mention of waiver is contained in the provision itself. The provision does, however, provide for penalties for non-compliance. Under 8307, section 7(d), if an employer fails to comply with the requirements under 8307, section 7(a), it is subject to a penalty of no more than five hundred dollars. We believe the legislature intended to assure compliance with the notice requirements through the assessment of a fine, not through the harsher penalty of waiver. Point of error one is overruled.

## NOTICE OF COMPENSATION

■ In order to claim a right to protections afforded an employer under the Worker's Compensation Act, an employer must provide its employees with actual or constructive notice that the employer provides compensation for injuries sustained in the course and scope of employment. TEX.REV. CIV.STAT.ANN. art. 8308 §§ 19, 20. Regalado contends in point of error two that the trial court erred in entering summary judgment in favor of HEB since there is no evidence that Regalado knew that HEB had such insurance or that Regalado had constructive notice of HEB's subscriber status through notice filed by it with the Industrial Accident Board.

In support of its motion, HEB filed the uncontroverted affidavit of Kevin Messenger, HEB's claims coordinator, who maintained that HEB's worker's compensation was in "full force and effect" at the time of the accident. HEB also filed a copy of its worker's compensation policy, which established HEB as a subscriber. TEX.REV.CIV.STAT. ANN. art. 8309 § 1. These documents are sufficient for the trial court to find constructive notice on a motion for summary judgment. There was no evidence offered by Regalado to the contrary in the record. Regalado's failure to substantiate the non-subscriber issue it now argues on appeal waived it as a ground for reversal. *See* TEX.R.CIV.P. 166a(c); *see also City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Point of error two is overruled.

## RIGHT OF CONTROL

■ In Regalado's third and fourth points of error, he contends that the trial court erred in entering summary judgment in favor of HEB since a fact question exists in regard to whether HEB or Industrial Labor exercised the right of control over his work.

■ Texas courts have recognized that a general employee of one employer may become the borrowed servant of another. *See, e.g., Sparger v. Worley Hosp. Inc.,* 547 S.W.2d 582, 583 (Tex.1977); *Denison v. Haeber Roofing Co.,* 767 S.W.2d 862, 864 (Tex. App.—Corpus Christi 1989, no writ). Under the borrowed servant doctrine, an employer who has the right of control is exempted from common law liability. *Denison,* 767 S.W.2d at 864; *Sparger,* 547 S.W.2d at 583. The central inquiry is which employer had the right of control of the details and the manner of work. The test is set forth in *Producers Chemical Company v. McKay,* 366 S.W.2d 220, 225 (Tex.1963) as follows:

> If the general employees of one employer are placed under control of another employer in the manner of performing their services, they become his special or borrowed employees. If the employees remain under control of their general employers in the manner of performing their services, they remain employees of the general employer and he is liable for the consequences of their negligence.

■ Generally, the right of control and direction is a question of contract between the general employer and special employer. *Id.* at 22. In this case, however, it is uncontroverted that appellant and the temporary services company had no written contract; thus, the circumstances of the particular case determine who had the right of control and who was the employer. *Denison,* 767 S.W.2d at 865; *Carr v. Carroll Co.,* 646 S.W.2d 561, 565 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In such cases right of control is necessarily determined as an inference from such facts and circumstances as the nature of the general project, the nature of the work to be performed by the machinery and employees furnished, length of the special employment, the type of machinery furnished, acts representing exercise of actual control, the right to substitute another operator of the machine, etc. *Producers Chemical,* 366 S.W.2d at 226.

In a deposition attached to both HEB's motion for summary judgment and Regalado's response to that motion, Regalado stated that the only involvement Industrial Labor had in his work was in equipping him, dropping him off at the HEB warehouse, and telling him where to report; that upon arriving at the warehouse he reported to a HEB supervisor; and that Industrial Labor did not direct his work in any manner while he was at the warehouse.

Regalado also stated in his deposition that he was working that day with four or five other people from Industrial Services, all of whom were laborers like himself. One of them approached Regalado and asked him to find another Industrial Services worker so they could go for a coffee break. Regalado argues that a fact issue was raised as to control since Regalado was injured while looking for the other laborer. We disagree. The mere fact that his fellow employee asked him to find another laborer does not suffice to rebut HEB's evidence, offered by Regalado himself, that Regalado remained under control of HEB in the manner of performing his services.

Regalado further stated that HEB provided a broom and all other equipment employed by Regalado to clean the warehouse, a factor which militates in favor of HEB's position. On the other hand, Regalado's deposition states that Industrial Labor did provide him with a hard hat, jacket, and gloves. However, assisting a worker to meet dress requirements is not the same as supervising him at the job site. *Denison,* 767 S.W.2d at 865–66.

Regalado also argues that his work was actually controlled by Industrial because the agency directed him to report to HEB. However, Industrial's control of where Regalado was assigned is not equivalent to control of the manner of work performance. In *Insurors Indemnity & Ins. Co. v. Pridgen,* 148 Tex. 219, 223 S.W.2d 217 (1949), the Texas Supreme Court rejected an argument like Regalado's, noting that "there is a vast difference between the right to point out the

location ..., and, on the other hand, the right to direct the details of how such work is to be accomplished." *Id.* at 221.

We find that the evidence conclusively established that HEB had control over the details of Regalado's work. We overrule points of error three and four.

## COSTS OF APPEAL

 In the final point of error, Regalado contends the trial court abused its discretion in sustaining HEB's motion to contest his affidavit of inability to pay cost bond. He urges this Court to direct the county to refund the court cost paid on appeal.

Regalado testified at the hearing on the motion that he has not held steady employment since the accident at the HEB warehouse on September 8, 1989. He further stated that although he received worker's compensation benefits of $103.00 per week from 1989 to 1991, he had received no benefits for approximately six to seven months prior to the hearing in August of 1992. He stated that he currently earns less than $20.00 per week, has no savings or checking account, is "financially broke," goes to a shelter for meals, and is "very much" behind in his rent. HEB did not contest Regalado's condition. However, based on the assumption that Regalado had a contingency fee contract with his attorney, HEB argued that the attorneys representing an indigent plaintiff should be held responsible for the costs of appeal.

The rules of appellate procedure provide that an appellant shall be allowed to prosecute an appeal without costs "when the appellant is unable to pay the cost of appeal or give security therefor...." TEX.R.APP.P. 40(a)(3)(A). An indigent appellant is not required to show that others are unable to pay costs. *See Allred v. Lowry,* 597 S.W.2d 353 (Tex.1980); *Goffney v. Lowry,* 554 S.W.2d 157 (Tex.1977). Nor is an appellant's attorney, because of his contingent fee contract, obligated to pay the costs of appeal. *Modern Living, Inc. v. Alworth,* 730 S.W.2d 444, 446 (Tex.App.—Beaumont 1987, orig. proceeding), *citing International & G.N. Ry. Co. v. Reeves,* 79 S.W. 1099 (Tex.Civ.App.—1904,

writ ref'd); *Galveston, H. & S. A. Ry. Co. v. Mathes,* 73 S.W. 411 (Tex.Civ.App.—1903, no writ); *The Oriental v. Barclay,* 41 S.W. 117 (Tex.Civ.App.—1897, no writ). *But see Culpepper v. Coker,* 769 S.W.2d 373 (Tex.App.— Houston [14 Dist.] 1989, orig. proceeding) (holding that plaintiff failed to show that trial court abused its discretion in sustaining contest to his affidavit of indigency where he failed to demonstrate that he could not secure funds from his attorneys to prosecute the appeal.) We hold that the contest should have been overruled and direct the court to order the county to refund the cost paid to pursue the appeal.

In all other respects the judgment is affirmed.