Amado ESQUIVEL, Appellant,

v.

MAPELLI MEAT PACKING
COMPANY, Appellee.

No. 04–95–00150–CV.

Court of Appeals of Texas,
San Antonio.

May 22, 1996.

Rehearing Overruled July 17, 1996.

James B. Lewis, Matthew J.M. Prebeg, Glover, Anderson, Chandler & Uzick, Houston, for appellant.

Stephanie Nelson, W. Richard Ellis, III, P.C., Houston, Abel Martinez, Groce, Locke & Hebdon, Sharon E. Callaway, Wallace B. Jefferson, Crofts, Callaway & Jefferson, P.C., San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

Esquivel appeals the grant of summary judgment in favor of defendant, Montfort, Inc. d/b/a/ Mapelli Food Distribution Co. and Mapelli Food Distributing Co. d/b/a Mapelli Food Distribution Co., incorrectly identified in plaintiff's original petition as Mapelli Meat Packing Co. ("Mapelli"). Esquivel complains the trial court erred in granting summary judgment because (1) material fact issues remain as to the "right of control" of Esquivel's work and (2) Mapelli's summary judgment proof failed to establish that Mapelli was a workers' compensation subscriber and that Esquivel had notice of that coverage. Further, Esquivel contends the trial court

erred by denying his motion for continuance to gather additional evidence prior to ruling on the motion for summary judgment. We affirm.

Austin Temporary Services, Inc. ("ATS") hired Esquivel as a temporary worker and placed him at Mapelli's. Esquivel sued Mapelli for injuries allegedly sustained while he was working on Mapelli's premises. Esquivel asserted that he was injured when a Mapelli employee operating a forklift dropped boxes of cheese on him. Mapelli generally denied the allegations, later amending its answer to claim that Esquivel was its "borrowed servant" and that the Texas Workers' Compensation Act exclusivity provision barred Esquivel's suit.

Esquivel's first point of error complains the trial court erred in granting Mapelli's summary judgment motion because fact issues remain about which employer, ATS or Mapelli, had the right of control over Esquivel's work.

By seeking summary judgment, the movant assumes the burden to establish that no genuine issue of material fact exists and it is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). If, and only if, the movant carries its burden does the burden shift to the nonmovant to present controverting summary judgment evidence. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex. 1989).

In order to defeat a motion for summary judgment where the movant has carried its burden, the nonmovant must clearly present, by written motion, answer, or other response, any reasons seeking to avoid the movant's entitlement to summary judgment and, if necessary, must present summary judgment proof to establish a fact issue. Tex.R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Evidence favorable to the nonmovant is taken as true, and every reasonable inference from that evidence will be resolved in favor of the nonmovant. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d at 548–49. All other evidence and inferences are disregarded. *Id.*

Texas courts recognize that the general employee of one employer may become the special employee or "borrowed servant" of another employer. *Sparger v. Worley Hosp., Inc.,* 547 S.W.2d 582, 583 (Tex.1977). The issue of "right of control" is pivotal under the borrowed servant doctrine because the employer who has the right of control is exempted from common-law liability. *Regalado v. H.E. Butt Grocery Co.,* 863 S.W.2d 107, 111 (Tex.App.—San Antonio 1993, no writ).

Our challenge is to ascertain the meaning of "right of control" as it applies in the "borrowed servant" context. To ascertain whether, an employee, in the general employ of one person, who has been loaned to another, is the employee of the original employer or of the borrowing employer, the test is whether the employee is subject to the specific direction and control of the loaning or the borrowing employer. *Hilgenberg v. Elam,* 198 S.W.2d 94, 95 (Tex.1946). The governing inquiry in the "borrowed servant" context is which employer, the general or special, controlled the "very transaction out of which the injury arose." *See Id.* Directing the details and manner of work, confirms which employer has the "right of control" of an employee in the borrowed servant circumstance. *Regalado v. H.E. Butt Grocery Co.,* 863 S.W.2d at 111. A "borrowed servant" may be the employee of the special employer for some acts and not for others. *Hilgenberg v. Elam,* 198 S.W.2d at 96.

Generally, the issue of right of control is a matter of agreement between the parties. *Regalado v. H.E. Butt Grocery Co.,* 863 S.W.2d at 111. However, in an instance such as this where no written contract exists, and neither party claims their oral agreement addressed the issue, the facts and circumstances, and inferences therefrom, determine the right of control. *Denison v. Haeber Roofing Co.,* 767 S.W.2d 862, 865 (Tex.App.— Corpus Christi 1989, no writ). The right of control is determined by examining the nature of the general project, the nature of the work to be performed by the employees furnished, length of the special employment, and acts representing an exercise of actual

control. *Producers Chemical Co. v. McKay,* 366 S.W.2d 220, 226 (Tex.1963).

█ The summary judgment evidence before the court includes the deposition testimony from Amado Esquivel, Richard Sandoval, fellow ATS co-worker at Mapelli's, Armando Rodriguez, night manager at Mapelli's, and affidavits from Judy Barrick, owner of ATS, and Armando Rodriguez. The deposition excerpts from Esquivel, Sandoval, and Rodriguez, as well as Rodriguez's affidavit clearly indicate that Esquivel's work at Mapelli's was directed by Mapelli employees, particularly night supervisor, Sam Flowers and that no ATS personnel came to the Mapelli site.

Barrick's affidavits are equivocal. In her first affidavit, Barrick avers that Mapelli exercised "complete direction, custody and control" over Esquivel while he was at Mapelli's. Approximately two months later, Barrick made handwritten alterations to her original affidavit, changing it to say that ATS exercised "complete direction, custody and control" over Esquivel while he worked at Mapelli's. Ten days after amending her first affidavit, Barrick made a third affidavit and attested to the following:

> [Esquivel] was temporarily placed with Mapelli Food Distribution Services, Inc., with instructions to perform certain tasks, under verbal agreement between Mapelli and ATSI. Under such verbal agreement, our employees are instructed to do tasks outlined and directed by our clients on their premises, providing our clients ad-

here to those such tasks which fall in the category of their original work order, such as "laborer."

Despite Barrick's contradictory affidavits regarding "control," it is uncontroverted that no ATS representative, including Barrick, ever went to the Mapelli Food Distribution location. That being the case, Barrick's statement that ATS maintained "complete, direction, custody, and control" of all ATS employees, including Esquivel, while those employees worked at Mapelli is conclusory and of no legal effect because the statement about control is not based on Barrick's personal knowledge regarding the exercise of actual control of the details and manner of Esquivel's work at the time of his injury.[1] Moreover, because Barrick lacked personal knowledge regarding actual control of the specific conduct leading to Esquivel's injury, anything Barrick averred regarding right of control is not material to any fact genuinely at issue. Although ATS may have maintained control of Esquivel for certain purposes (e.g. qualifying for position, assigning work location, requiring payroll reports, etc.), uncontroverted evidence shows that Mapelli personnel controlled the manner and details of Esquivel's work at the time he was injured.

Esquivel argues that *Regalado v. H.E. Butt Grocery Co.* and *Denison v. Haeber Roofing Co.* are inapplicable to the case at hand because the nonmovants in those cases did not present competent summary judg-

1. Barrick provided three affidavits. The first, executed at the behest of Mapelli's counsel, stated that Mapelli exercised complete control of Esquivel while at Mapelli's and was submitted by Mapelli in support of its motion for summary judgment evidence. Esquivel's response to Mapelli's summary judgment motion stated that:

   > Ms. Barrick asserted that Plaintiff was employed by Mapelli Food Distribution Company, as well as Austin Temporary Services, Inc. and was under the complete direction, custody and control of Mapelli. (See Paragraph 5 of the Affidavit of Judy L. Barrick). Ms Barrick's testimony **is not competent summary judgment evidence** to support the assertion that Plaintiff was not under the control of Austin Temporary Services. Texas Rule of Civil Procedure 166a provides that supporting affidavits shall be made on personal knowledge and shall show affirmatively that the affiant is competent to

   testify to the matters stated therein. . . . she **did not establish any personal knowledge** regarding the duties running between Amado Esquivel and the person supervising his employment with ATS.

   Tr. 143 (emphasis added).

   In an effort to controvert Mapelli's summary judgment evidence, Esquivel took the very affidavit that he had earlier attacked as incompetent evidence claiming it was not based on personal knowledge, and had Barrick make handwritten changes to the first affidavit. Barrick scratched out Mapelli's name and replaced it with Austin Temporary Services, Inc.'s name, so that the affidavit identifies ATS as the employer in complete "direction, custody and control" of Esquivel. Once those changes were made, Esquivel submitted Barrick's second affidavit in opposition to Mapelli's motion for summary judgment.

ment evidence to put "right of control" in issue. However, striving to distinguish *Regalado* and *Denison* based on the mechanics of the summary judgment procedure involved therein misses the significance of those cases as they apply here. *Regalado* and *Denison* are useful insofar as they delineate the considerations to be scrutinized in ascertaining which employer has the right of control. *Regalado v. H.E. Butt Grocery Co.*, 863 S.W.2d at 111; *Denison v. Haeber Roofing Co.*, 767 S.W.2d at 864–66. Esquivel's first point of error is overruled.

In his second point of error, Esquivel asserts that the trial court abused its discretion by denying his motion to continue the summary judgment hearing. Esquivel states that Mapelli's motion for summary judgment was the first pleading to mention the "borrowed servant" theory as a defense, and not until after that time did Mapelli amend its answer to affirmatively plead "borrowed servant." Esquivel also claims that, despite being surprised by the new defense, he made a diligent effort to gather controverting summary judgment proof. Specifically, Esquivel sought to depose Barrick and the person under Mapelli's control most knowledgeable about any workers' compensation coverage provided by Mapelli to its workers.

As a general rule, granting or denying a requested continuance rests within the sound discretion of the trial court. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). Denial of a continuance based on lack of time to prepare when the party had at least 21 days notice of the summary judgment hearing is generally not an abuse of discretion. *Clemons v. State Farm Fire & Cas. Co.*, 879 S.W.2d 385, 394 (Tex.App.— Houston [14th Dist.] 1994, no writ).

Here Esquivel had 21 days notice of the summary judgment hearing, but did not notice depositions for the two people whom he claimed were essential to controvert Mapelli's summary judgment proof until late Friday afternoon, scheduling Monday depositions in anticipation of a Tuesday summary judgment hearing. Further, the court permitted fourteen days post-hearing for Esquivel to acquire an additional affidavit. *Ford v. Ireland*, 699 S.W.2d 587, 588 (Tex.

App.—Texarkana 1985, no writ). Under the facts and circumstances before us, the trial court did not abuse its discretion by refusing to grant Esquivel's request for continuance, therefore, Esquivel's second point of error is overruled.

Point of error number three complains the trial court erred in granting summary judgment because Mapelli did not prove as a matter of law that it was a workers' compensation subscriber with respect to Esquivel or that Esquivel had proper notice that he was covered under Mapelli's insurance. Specifically, Esquivel contends that Mapelli did not prove as a matter of law which Mapelli enterprise, if any, was covered by workers' compensation insurance. Additionally, Esquivel argues that Barrick's affidavits stating that Mapelli did not make payments to ATS for workers' compensation insurance premiums creates a fact issue regarding the existence of Mapelli's coverage.

As a preliminary matter, Esquivel did not urge lack of notice of coverage as a ground upon which denial of the motion for summary judgment might properly be based, thus, that issue may not be raised on appeal to defeat the summary judgment. Even if notice of coverage had been raised as a proper ground for denial, coverage, and, hence the exclusivity bar of the workers' compensation statute does not hinge on whether notice has been provided to the employee. TEX. REV.CIV.STAT.ANN. arts. 8308–10.21,–10.22 (Vernon Supp.1992), *repealed by*, Act of May 22, 1993, 73rd Leg., R.S., ch. 269, § 5(2), 1993 TEX.GEN.LAWS 987, 1273 (current version at TEX.LAB.CODE ANN. § 406.005 (Vernon Supp. 1996). Failure to notify an employee of coverage constitutes an administrative violation punished only by fine. TEX.LAB.CODE ANN. §§ 406.005(c), 415.022 (Vernon Supp.1996).

Armando Rodriguez's affidavit collectively referred to both entities, Montfort, Inc. d/b/a/ Mapelli Food Distributing Company and Montfort Food Distributing Company d/b/a/ Mapelli Food Distribution Company as "Mapelli," and averred that at the time of Esquivel's injury, "Mapelli's workers' compensation insurance was in full force and effect." Also, Mapelli's summary judgment proof in-

cludes an affidavit from Patricia Tomczyk, an employee of the insurance company that underwrites Mapelli's workers' compensation insurance stating that Mapelli was a subscriber at the time relevant to this cause.

Although Barrick's affidavit states that Mapelli did not pay compensation insurance premiums through ATS, such deposition testimony is not probative of the existence of coverage on behalf of Mapelli workers, including Esquivel, and does not controvert Mapelli's evidence that it was a subscriber. Esquivel does not point out, nor have we found, other evidence which controverts the factual assertions contained in Rodriguez and Tomczyk's affidavits. Consequently, Esquivel's third point of error is overruled.

The judgment of the trial court is affirmed.

CHAPA, Chief Justice, dissenting.

The dissenting opinion delivered and filed on May 22, 1996, is hereby withdrawn and this dissenting opinion is substituted.

While I agree that the majority has correctly stated the standard for determining right to control in a borrowed servant context, I conclude that appellant's summary judgment proof raises a factual issue regarding right to control in this case. Therefore, I respectfully dissent from the majority opinion.

The borrowed servant doctrine protects the employer who had the right to control an injured employee at the time of the injury from common-law liability. *Regalado v. H.E. Butt Grocery Co.*, 863 S.W.2d 107, 111 (Tex. App.—San Antonio 1993, no writ). As the majority points out, when the right to control is not expressed in a contract between the general and specific employers, it is inferred from the facts and circumstances of the employment. *Producers Chemical Co. v. McKay*, 366 S.W.2d 220, 226 (Tex.1963). As such, the right of control is generally a question of fact. *Sparger v. Worley Hosp., Inc.*, 547 S.W.2d 582, 583 (Tex.1977). It follows, then, that in order to successfully defend its summary judgment, appellee must conclu-

sively demonstrate that it had the right to control appellant at the time of the injury in question.

Appellee attached as evidence in support of its motion for summary judgment the affidavit of Judy Barrick, the owner of ATS. Barrick's affidavit states that "while employed by Mapelli Food Distribution Company, Austin Temporary Services, Inc.'s temporary employees, including [appellant], were under the complete direction, custody and control of **Mapelli Food Distribution Company.**" (emphasis added)

In support of his response to appellee's motion for summary judgment, appellant also offered the affidavit of Judy Barrick. The affidavit relied upon by appellant appears to be a copy of the same affidavit attached to appellee's motion with several substantive changes made by Barrick. The affidavit attached to appellant's response provides that "while employed by Mapelli Food Distribution Company, Austin Temporary Services, Inc.'s temporary employees, including [appellant], were under the complete direction, custody and control of **Austin Temporary Services.**"[1] (emphasis added)

The majority concedes that Barrick's affidavits are contradictory; however, it ignores the well-established rule that where conflicting inferences may be drawn from competing summary judgment evidence, a fact issue is presented. *See Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex.1988). In order to accomplish such a departure from precedent, the majority cursorily deduces that Barrick's affidavits are conclusory and of no legal effect as the statements about control are not based upon Barrick's personal knowledge.

Not only does Barrick state in her affidavit that she has personal knowledge of the facts stated in the affidavit, but she asserts that she is the Personnel Director of ATS and that she is familiar with ATS's operating procedures regarding the staffing of temporary employees. To qualify as competent summary judgment proof, an affidavit must

---

1. Barrick also notes on the altered affidavit that her original affidavit was based on misinformation.

affirmatively demonstrate the manner in which the affiant became personally familiar with the facts so as to be competent to testify. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761–62 (Tex.1988); TEX. R.CIV.P. 166a(f). Under this standard, Barrick's assertions regarding her personal knowledge and experience regarding the placement of ATS employees are clearly sufficient to establish her competency to testify regarding the control of ATS's employees when they are on temporary assignment.

The majority further states that although ATS may have controlled appellant for certain purposes, there is uncontroverted evidence showing that Mapelli personnel controlled the manner of his work at the time he was injured. This could only be the case if Barrick's second affidavit was completely discounted. I do not believe that this can be properly done given Barrick's competency to testify as appellant's supervisor and the content of the affidavit. *See Knetsch v. Gaitonde*, 898 S.W.2d 386, 388 (Tex.App.—San Antonio 1995, no writ) (holding that conflicts in summary judgment evidence do not negate that evidence, but create impeachment material).

As previously noted, right to control is a question of fact. *Sparger*, 547 S.W.2d at 583. Therefore, Barrick's statements regarding right to control are statements of fact based upon her personal knowledge as appellant's employer. Barrick's statements regarding right to control should be considered as competent summary judgment proof.

In order to avoid considering Barrick's statements, the majority discounts appellant's attempts to distinguish on procedural grounds the cases the majority relies upon. The majority states that considering the "mechanics of summary judgment procedure" misses the point of *Regalado* and *Denison* as the cases only apply to the present case in the sense that they delineate the factors to be considered in determining right to control.

The right to control is an issue pivotal to this case and one about which a fact issue has been raised by Barrick's conflicting affidavits. As such, the determination of right to control belongs to a jury, not to this court.

Our task, as defined by the point of error before us, is limited to a determination of whether the trial court correctly applied summary judgment law in granting appellee's motion for summary judgment. Accordingly, the "mechanics of summary judgment procedure" are exactly what we are called upon to interpret in this case.

Specifically, we are to determine whether a factual issue exists as to a material element of appellant's cause of action. TEX.R.CIV.P. 166a. We are not to weigh the credibility of the summary judgment evidence or resolve factual inconsistencies on our own volition. *Evans v. Conlee*, 741 S.W.2d 504, 508–09 (Tex.App.—Corpus Christi 1987). Instead, we are to view the evidence in the light most favorable to the non-movant and accept all evidence favorable to the non-movant's position as true. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). If the summary judgment evidence raises conflicting inferences or warrants passing on its credibility, summary judgment is improper. *Casso v. Brand*, 776 S.W.2d 551, 558–59 (Tex. 1989).

A situation similar to the case at bar was present in a case decided recently by a Houston Court of Appeals. *See Bottoms v. Smith*, 923 S.W.2d 247 (Tex.App.—Houston [14th Dist.] 1996). There, portions of an expert's deposition testimony were used by both the appellant and the appellee as summary judgment evidence. The expert's testimony contradicted itself, and each side used that portion of the testimony that benefitted its case as evidence in support of its position. The court held that the granting of summary judgment was in error because the conflicting summary judgment evidence created a material issue of fact. *Id.* at 249–50.

Similarly, summary judgment is improper in the present case because of the conflicts present in Barrick's affidavits. In fact, an even stronger factual issue is presented here than was present in *Bottoms* due to the fact that Barrick actually interlineated portions of a previous affidavit and replaced it with new language, as opposed to waffling on certain

issues during deposition testimony as was the case in *Bottoms*. *See id.* at 249.

In my view, Barrick's contradictory affidavits raise an unmistakable fact issue in regard to whether ATS or Mapelli exercised the right to control appellant's work at the time of the injury. Such issue should now be presented to a jury to be considered with and weighed against the remaining evidence regarding right to control. I would reverse the judgment of the trial court and remand this case for trial on the merits.