**Shelia Marie WILLIAMS, Appellant,**

v.

**APS, INC., Appellee.**

**No. 14–95–01504–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 11, 1997.

---

Neal D. Cannon, Jr., Jack Swisher, Houston, for appellant.

Melanie M. McKenzie, Kathleen Hopkins Alsina, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

HUDSON, Justice.

Appellant, Shelia Marie Williams, sued APS for on-the-job injuries she allegedly sustained at the company's worksite. The trial court granted APS' motion for summary judgment. In four points of error, appellant contends the trial court erred in awarding summary judgment because: (1) Article 8308–3.24 of the Texas Workers' Compensation Act is so vague and indefinite with respect to borrowed servants that it constitutes a violation of her right to due process and equal protection; (2) the notices provided to her of APS' workers' compensation coverage were unconstitutionally vague and indefinite; (3) the summary judgment proof shows as a matter of law that she retained her common law rights; and (4) the summary judgment proof establishes an issue of material fact as to whether she retained her common law rights. We affirm the judgment of the trial court.

The record before this Court reflects that appellant was employed by M. David Lowe Staffing Services, Inc., a private temporary labor agency. Lowe did not provide appellant with any job training, nor did appellant ever work at Lowe's premises. Rather, appellant would receive job assignments from Lowe over the telephone and report directly to the place of employment. In April 1993, Lowe contacted appellant regarding an inventory assignment at APS. On the morning of April 13, appellant reported to APS' warehouse, was given special shoes and clothing for the job, and received her work instructions from an APS supervisor. It is undisputed that appellant was under APS' control and direction. Later that day, as appellant was lifting some items of inventory from a box, she injured her back. Appellant complained to her APS supervisor, signed her time sheet, and left the premises after having worked approximately seven hours.

Appellant subsequently filed a workers' compensation claim through Lowe and continues to receive benefits therefrom. On October 21, 1994, appellant filed this action against APS asserting liability under the Texas common law. APS moved for summary judgment on the grounds that: (1) appellant was a borrowed servant of APS; (2) APS was covered under the Workers' Compensation Act; and (3) appellant elected her remedy by accepting workers' compensation benefits. As part of its summary judgment proof, APS included a copy of its workers' compensation policy and an affidavit from its operations manager indicating that the policy was in effect on April 13, 1993. Appellant does not dispute that notices advising of APS' workers' compensation coverage were posted at its facility. The trial court granted APS' motion.

The standard for reviewing the granting of a motion for summary judgment is well established. The movant has the burden of proving that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). All evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference will be indulged in favor of the non-movant, and any doubts resolved in his favor. *Id.*

Texas courts have long recognized that a general employee of one employer may become the borrowed servant of another. *Sparger v. Worley Hosp., Inc.*, 547 S.W.2d 582, 583 (Tex.1977). Under the borrowed servant doctrine, the employer who had the right of control at the time of the injury is protected from common law liability. *Cearley v. Cross Timbers Prod. Co., Inc.*, 855 S.W.2d 852, 854 (Tex.App.—El Paso 1993, no writ); *Carr v. Carroll Co.*, 646 S.W.2d 561, 563 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).[1] Appellant, however, argues that

---

1. At submission, APS raised the "co-employer" analysis recently used by this Court in *Brown v.*

since she was unaware of APS' workers' compensation coverage, she has been wrongfully deprived of her common law remedies against the company.

■ In her first point of error, appellant contends that the notice of coverage provisions contained in the Texas Workers' Compensation Act are so vague and indefinite as applied to borrowed servants that they are a violation of her Fourteenth Amendment right to due process and equal protection. The Workers' Compensation Act provides for notice of coverage to "employees." TEX.REV. CIV. STAT. ANN. art. 8308–3.24 (Vernon Supp. 1991).[2] Appellant, citing *Middleton v. Texas Power & Light Co.*, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919), claims that this language relating only to "employees" renders the statute unconstitutionally vague as to "borrowed servants." Appellant relies on *Middleton's* comments on the 1913 version of the Texas Workers' Compensation Act:

> Stress is laid upon the point that the Texas act, while optional to the employer, is compulsory as to the employé of a subscribing employer. Our attention is not called to any express provision prohibiting a voluntary agreement between a subscribing employer and one or more of his employés taking them out of the operation of the act; but probably such an agreement might be held by the courts of the state to be inconsistent with the general policy of the act. The Supreme Court, in the case before us, did not intimate that such special agreements would be permissible; and hence it is fair to assume that all who

remain in the employ of a subscribing employer, with notice that he has provided for payment of compensation by the association or by an authorized insurance company, will be bound by the provisions of the act.

> ... The provisions of the act show that the legislative purpose is that it shall take effect only upon acceptance by both employer and employé. The former accepts by becoming a subscriber; the latter by remaining in the service of the employer after notice of such acceptance. ... These and other considerations that might be suggested fully justified the legislative body of the state in determining that acceptance of the new system should rest upon the initiative of the employer, and that any particular employé who with notice of the employer's acceptance dissented from the resulting arrangement should be required to exercise his option by withdrawing from the employment.

*Middleton*, 39 S.Ct. at 230–31. Appellant argues that this language, apparently overlooked and misinterpreted by Texas courts for almost 80 years, impliedly vests borrowed servants with a Fourteenth Amendment right to actual notice of workers' compensation coverage before they can be barred from asserting a common law cause of action against their employer. We disagree.

■ In order to claim the protections afforded an employer under the workers' compensation act, that employer must provide its employees with actual *or constructive*

---

*Aztec Rig Equip., Inc.*, 921 S.W.2d 835 (Tex. App.—Houston [14th Dist.] 1996, writ denied). While similar in many aspects to the borrowed servant doctrine, we do not discuss the issue as it was not urged in APS' motion for summary judgment.

**2.** Article 8308–3.24 reads:

> (a) An employer shall notify each employee in the manner provided by this section as to whether or not the employer has workers' compensation coverage.
> (b) The employer shall notify a new employee of the existence or absence of coverage at the time the employee is hired.
> (c) An employer who obtains coverage or whose coverage is terminated or canceled shall notify each employee that the coverage has

been obtained, terminated, or canceled not later than the 15th day after the date on which the coverage or the termination or cancellation of the coverage is effective.
> (d) Each employer shall post in the employer's place of business a notice as to whether or not the employer has workers' compensation coverage. The employer shall revise the notice whenever the information it contains is revised.
> (e) The notice required by Subsection (d) of this section shall be posted at conspicuous locations at the employer's place of business as necessary to provide reasonable notice to the employees. The commission may adopt rules relating to the form and content of the notice.
> (f) A person who fails to comply with this section commits a Class D administrative violation.

notice that the employer provides compensation for injuries sustained in the course and scope of employment. *Regalado v. H.E. Butt Grocery Co.*, 863 S.W.2d 107, 110 (Tex. App.—San Antonio 1993, no writ)(emphasis supplied); *see also Esquivel v. Mapelli Meat Packing Co.*, 932 S.W.2d 612, 616 (Tex. App.—San Antonio 1996, writ denied); *Rodriguez v. Martin Landscape Management, Inc.*, 882 S.W.2d 602, 606 (Tex.App.—Houston [1st Dist.] 1994, no writ). As discussed more fully in *Ferguson v. Hospital Corp. Int'l*, 769 F.2d 268, 271–72 (5th Cir.1985), the fear that the worker's compensation scheme might infringe on employees' constitutional rights was put to rest in *Middleton.* Once *Middleton* decided that the original form of the Texas Workers' Compensation Act did not violate employees' Fourteenth Amendment rights, it left the legislature free to relax the burdensome actual notice requirements contained in the pre–1923 form of the Act. *Id.* at 272. Employees have no right to static and unchanging law, and no vested right exists in common law remedies. *Id.* Under these circumstances, we find the current Act does not violate appellant's Fourteenth Amendment rights. Her first point of error is overruled.

■ In her second point of error, appellant claims the notices of coverage provided to her were so vague and indefinite as to constitute a violation of her Fourteenth Amendment rights to due process and equal protection. Appellant claims that she received notice of APS' compensation coverage only after her injury. Therefore, she urges that it would be improper to bar her common law·cause of action. Appellant relies on the *Ferguson* case, in which post injury notice to the employee was found to be insufficient to entitle the employer to protection from the employee's common law remedies. *Id.* at 274.

*Ferguson*, however, was a case where the employer had failed to comply with any notice provisions of the Act. *Id.* at 275. Here, APS filed a copy of its workers' compensation policy along with an affidavit from its operations manager that the policy was in effect at the time of the injury. This was sufficient for the trial court to find constructive notice on a motion for summary judg-

ment. *Regalado*, 863 S.W.2d at 110. Moreover, appellant does not dispute that APS had posted the statutory coverage notices at its place of business. *See* Tex.Rev.Civ. Stat. Ann. art. 8308–3.24(d) (Vernon Supp.1991). Appellant's Fourteenth Amendment rights were adequately protected. Her second point of error is overruled.

■ In her third and fourth points of error, appellant maintains that the evidence establishes as a matter of law that she retained her common law rights, or that there is a fact issue as to whether she retained her common law rights. Under these points of error, appellant reurges her complaints concerning the adequacy of the notice she received. While not disputing that APS posted the statutory coverage notices, she contends that there is no evidence to show she actually read them. Thus, summary judgment is improper. As discussed above, however, APS has fulfilled the Act's constructive notice requirements and is entitled to judgment as a matter of law. Appellant makes one last argument that she has been denied her five-day window of opportunity to retain her common law rights. Article 8308–3.08(b) provides:

> An employee who desires to retain the common-law right of action to recover damages for personal injuries or death shall notify the employer in writing that the employee does not want to be covered under this Act and retains all rights of action under the common law. The employee shall notify the employer not later that the fifth day after the date the employee begins the employment.

Tex.Rev.Civ. Stat. Ann. art. 8308–3.08(b) (Vernon Supp.1991). Appellant's argument seems to be that since she only worked one day, she was not presented the five-day opportunity to make her election. We do not agree. The language of the statute allows an employee to reject coverage until the fifth day after the employment commenced. Nothing in the statute suggests the employee must be at work five full days before the election period is foreclosed. Accordingly,

appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed.