No. 04-97-00975-CV



IN RE Lydia SOSA



Original Mandamus Proceeding(1)



Opinion by: Tom Rickhoff, Justice

Concurring opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Paul W. Green, Justice


Delivered and Filed: September 30, 1998


WRIT OF MANDAMUS CONDITIONALLY GRANTED


 Lydia Sosa has filed a petition for a writ of mandamus to compel the Honorable Andy
Mireles to set aside an order sustaining a contest to an affidavit of indigence. Because we are bound
by the supreme court's decision to favor the rights of indigents to appeal, we must conditionally
grant the writ.

Factual and Procedural Background


 Sosa sued George Cardenas to recover for injuries arising out of a car accident. The jury
found in favor of Cardenas, and the trial judge signed a judgment on the jury's verdict on August
5, 1997. Sosa filed a timely motion for new trial. On November 3, 1997, she filed an affidavit of
indigence, stating she was unable to provide a cost bond, and on November 6, 1997, Cardenas filed
a contest to the affidavit. On November 14, 1997, the trial judge conducted a hearing and orally
sustained the contest from the bench. He later signed a written order memorializing this ruling.(2)

Discussion


 At a hearing on a contest to an affidavit of indigency, the appellant has the burden of proving
the allegations in the affidavit. See Griffin Indus., Inc. v. Thirteenth Court of Appeals, 934 S.W.2d
349, 351 (Tex. 1996). The appellant must prove that she could not pay the costs of appeal if she
really wanted to and made a good-faith effort to do so. See id. Sosa asserts that she satisfied this
burden and that the trial judge therefore abused his discretion by sustaining the contest. We agree.
 Sosa's affidavit of inability to give cost bond states: 1) she has no assets subject to execution;
2) she receives governmental entitlements based on disability or indigence; 3) she is a disabled,
unemployed widow; 4) social security benefits in the amount of $942 per month are her only source
of income; 5) her monthly living expenses exceed $944;(3) 6) family members provide her financial
assistance from time to time, but they cannot afford to lend her the money for the appeal; and 7) she
owns no real estate or securities. The affidavit states that pursuant to her contract with her attorney,
she is responsible for court costs; that the contract does not obligate the attorney to pursue an appeal;
and that her attorney has agreed not to charge her a fee for the appeal.

 At the hearing, the affidavit was admitted into evidence without objection. Sosa testified that
she had been unemployed for the last three years because of disabling back problems and headaches.
In describing her monthly expenses, her testimony was generally consistent with her affidavit, except
that she indicated her monthly food bill might be around $100 a month. She stated that her attorney
informed her she would need $1000 to post an appeal bond. On cross-examination, Cardenas's
attorney questioned Sosa about the nature of her agreement with her attorney. Sosa was unclear on
the exact meaning of "contingency fee," but her understanding was that her attorney would receive
a fee only if she received a recovery in the case. She testified that her attorney had advanced nearly
all the costs in the case so far.

 Sosa's testimony and her affidavit established that her monthly expenses exceeded her
income and that she had no assets she could use to finance the appeal. Cardenas presented no
evidence contradicting Sosa's testimony. Because the uncontroverted evidence established Sosa's
indigency, the trial judge abused his discretion by sustaining Cardenas's contest. See Regalado v.
H.E. Butt Grocery Co., 863 S.W.2d 107, 112 (Tex. App.--San Antonio 1993, no writ); see also
Sansom v. Sprinkle, 799 S.W.2d 776, 778 (Tex. App.--Fort Worth 1990, orig. proceeding) (in ruling
on a contest to an affidavit of indigence, judge may not completely disregard the only positive
evidence presented). We will now consider the reasons set forth in the trial court for sustaining the
contest. Rather than questioning her about her financial status, Cardenas's attorney cross-examined Sosa regarding her agreement with her attorney. The record reflects that the trial judge
also viewed Sosa's agreement with her attorney as dispositive. The judge indicated that because
Sosa and her attorney had agreed, when the case was initially filed in the trial court, that Sosa would
pay the costs of the litigation, Sosa was bound by that agreement and could not later claim an
inability to pay costs.(4)

 Contrary to the suggestions made by Cardenas's attorney at the hearing, Sosa was not
required to establish that her attorney was unable to pay the costs of appeal. In Regalado, the
appellant presented uncontradicted evidence showing that he could not afford the costs of appeal.
The appellee did not contest the appellant's financial condition, but "based on the assumption that
[the appellant] had a contingency fee contract with his attorney, [the appellee] argued that the
attorneys representing an indigent plaintiff should be held responsible for the costs of appeal."
Regalado, 863 S.W.2d at 112. This court rejected the appellee's argument because an indigent
appellant is not required to show that others are unable to pay the costs of appeal. See id. (citing
Allred v. Lowry, 597 S.W.2d 353 (Tex. 1980) and Goffney v. Lowry, 554 S.W.2d 157 (Tex. 1977)).

We also held, "Nor is an appellant's attorney, because of his contingent fee contract, obligated to pay
the costs of appeal." Id.

 Moreover, the fact that Sosa was contractually responsible for court costs does not preclude
her from appealing as an indigent. In Griffin, the fee agreement required the attorney to advance
costs. The attorney nevertheless refused to advance the costs. The supreme court held that the
agreement did not preclude the appellant from appealing as an indigent. See Griffin, 934 S.W.2d at
353.(5) Given that the supreme court did not treat the fee agreement as dispositive in Griffin, we will
not treat it as dispositive here. See also Grimaldo v. Lewis, 915 S.W.2d 222, 223-24 (Tex.
App.--Corpus Christi 1996, orig. proceeding) (appellants who were contractually responsible for
court costs and who established they could not afford the costs of appeal were entitled to appeal as
indigents even though their attorney was financially able to pay the costs of appeal and had already
advanced some trial-court costs).

 Finally, the record reflects that the trial judge may have based his decision partly on the
perception that Sosa's attorney had abused the indigency provisions in a previous case in which Sosa
was not a party.(6) We find the judge's desire to curb abuse laudable. We also realize that an
indigent's appeal places a strain on the trial court, as well as the court reporter. See Griffin, 934
S.W.2d at 354. We believe, however, that depriving Sosa of a meaningful appeal is not the proper
way to punish her counsel's perceived abuses. In Griffin, the supreme court rejected the idea that
indigent appellants should "forfeit appellate rights for their attorneys' transgressions." Id. The court
stated:

 Such a result would effectively say that the poor could not be represented by lawyers
who are unwilling to pay court costs. If a lawyer is unable or unwilling to pay out-of-pocket costs, an indigent's right to access to the courts would be at an end. In
marginal (but not frivolous) cases, indigents would be penalized if they could not
find an attorney who would be willing to pay appellate costs.

Id.(7)


 Mandamus is the appropriate remedy when a contest to an affidavit of indigence is
improperly sustained. See Smith v. McCorkle, 895 S.W.2d 692, 693 (Tex. 1995). We therefore
conditionally grant the petition for writ of mandamus. We are confident that Judge Mireles will
withdraw the order sustaining the contest. The writ will issue only upon certification to this court
that he has not done so within ten days of the date of this opinion.

 Tom Rickhoff, Justice

Publish


1. This mandamus proceeding arises from Lydia Sosa v. George Cardenas, No. 95-CI-02170, in the 73rd Judicial
District Court, Honorable Andy Mireles, Judge Presiding.
2. Although the order sustaining the contest has the date November 17, 1997, stamped on it, the reporter's record
reflects that the order was actually signed on November 24, 1997. Sosa argues that the order must therefore be set aside
because it was signed more than ten days after the contest was filed. See Tex. R. App. P. 20.1(i)(2)(A), 20.1(i)(4).
However, the record also contains a fiat setting the hearing on the motion to enter the order for November 24. This
effectively extended the time for signing an order sustaining the contest to that date. See Tex. R. App. P. 20.1(i)(2);
Sabanos v. Rivera, 893 S.W.2d 275, 276 n.1 (Tex. App.--Houston [1st Dist.] 1995, no writ).
3. The affidavit lists the following monthly expenses: $228 for rent, $200 for food, $135 for utilities, $25 for
telephone service, $60 for gas, $216 for car payment, and $85 for car insurance.
4. The judge stated, for example, "If you have a contract to pay the costs, in midstream you can't say, 'Well, no,
I'm unable because the outcome was not favorable to me.' Right? That's ... what's happening here." The judge also
stated, "I mean, you've done this twice that I know of and I--I kind of need to make a decision on whether or not ...
these contracts are outcome determinate. And I suppose it's as good a time as any to do it; take it up and see what they
think."
5. The court stated, however, that in some cases it may be appropriate to consider the fee agreement. As an
example, the court stated that "[i]f the agreement provides that the attorney is to pay or advance costs, and the appellant
makes no further showing, the agreement would be some evidence that the appellant has a source of funds from which
to pay costs." Griffin, 934 S.W.2d at 354.
6. At one point, for example, the trial judge asked counsel, "What you want to do is have [the court reporter] do
this for free for you, again, right? You had another case where you did this, right?" The court reporter has also filed
a response in this court alluding to the previous case.
7. As in Griffin, "[t]here has been no contention" that Sosa's "appeal is frivolous, and we express no opinion on
that issue." 934 S.W.2d at 354. We do, however, agree with the sentiments expressed in the Chief Justice's
concurrence. The trial judge is in the best position to make the indigency determination, and that determination should
only be overturned for an abuse of discretion. But this court rarely encounters attorneys who abuse the indigency
provisions--probably because the desire to maintain the good will of trial judges and court reporters acts as a check on
abusive behavior. Given that abuse is rarely encountered, and balancing the competing interests at stake, the supreme
court has favored the rights of indigents to appeal and we are bound by Griffin.


Return to
4th Court of Appeals Opinions