**HIGHLANDS UNDERWRITERS INSUR-
ANCE COMPANY, Appellant,**

**v.**

**Adan H. MARTINEZ, Appellee.**

**No. 4814.**

Court of Civil Appeals of Texas.

Waco,

May 1, 1969.

Rehearing Denied May 15, 1969.

Second Rehearing Denied May 22, 1969.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

Perkins, Davis, Oden & Warburton, Kenneth Oden, Alice, for appellee.

## OPINION

WILSON, Justice.

The only question in this workmen's compensation case is whether, as a matter of law, the claimant was not a loaned servant, as appellant claims he was. This question in turn rests on whether a written contract is conclusively determinative of the issue so as to entitle claimant to the instructed verdict granted by the trial court. In our opinion the written contract did not require or authorize the peremptory instruction, and we reverse.

Claimant alleged he was injured in 1966 in the course of his employment as an employee of Brown & Root, Inc. for which Highlands Underwriters was the compensation carrier. Highlands pleaded that claimant was a borrowed servant of Humble Oil and Refining Company for which it did not carry compensation insurance. It pleaded that "there was a general arrangement or contract" under which "Brown & Root and persons on its payroll would do work directed by Humble under an arrangement known as a 'force account'." The pleading described operations under this arrangement and the custom and practice among the companies as to force-account work. The pleading asserted facts which, if established, would show that claimant was a borrowed servant so as to bar recovery from Highlands.

■ The parties agree upon the established rule that whether Humble had the "right of control of the manner in which the employees perform the services necessary to the accomplishment of their ultimate obligation" is the test of whether claimant was Humble's borrowed servant. Producers Chemical Company v. McKay (Tex.Sup.1963) 366 S.W.2d 220, 225, and cases cited; J. A. Robinson Sons, Inc. v. Wigart (Tex.Sup.1968) 431 S.W.2d 327, 331.

Without detailing the evidence apart from the contract, it is sufficient to say that it clearly raises an issue of fact under this test. Claimant, while not at all conceding this, assumes the basic position: "The critical and usually troublesome issue of right of control over the employee is not in this case because that issue was fixed and determined by contract in writing vesting such right of control in the general employer, Brown & Root, Inc." This case turns on the correctness of that proposition.

Brown & Root and Humble entered into a 1947 written contract providing that all work done for Humble by Brown & Root as contractor, including force-account work such as that in which claimant was engaged at the time of his injury, "shall meet with the approval of Humble's engineers or inspectors but that the detailed manner and method of doing same shall be under the control of Contractor, Humble being interested only in the result obtained, and that Contractor is an independent contractor as to all work performed hereunder." Brown & Root agreed to carry workmen's compensation insurance and to indemnify Humble against claims by the Contractor's employees. The contract specified the basis of payment for the Contractor's work.

This contract, absent other evidence, would obviously nullify the borrowed servant defense. Claimant's argument that it is conclusive is predicated in part upon the procedural posture of the contract. In response to interrogatories inquiring whether Brown & Root was performing services for Humble, Highlands answered: "Brown & Root, Inc. had a contract with Humble Oil & Refining Company" and "Plaintiff was on the lease pursuant thereto". In answer to another interrogatory as to the nature of the relationship between Humble and Brown & Root, and whether any contractual relationship was evidenced by a written contract, Highlands said: "There was a contract between Brown & Root, Inc. and Humble Oil & Refining Co. At least part of such contract was in writing. Defendant does not know whether all parts thereof were in writing, but believes they

were. It does not have such complete contract in its possession". The written contract referred to was admitted to be the 1947 contract containing the quoted excerpt. Claimant urges that the answers to these interrogatories preclude consideration of evidence of the actual relationship of the parties except as the contract recites. In our view the answers did not have this decisive effect. That claimant was on the Humble premises "pursuant" to the written contract which was "at least a part of" the total arrangement, working agreement, custom or practice of the parties is not so conclusive as to make an instructed verdict proper.

Claimant says Highlands did not plead the written contract was a subterfuge or that it had been abandoned. Such a pleading was not necessary. Newspapers, Inc. v. Love (Tex.Sup.1964) 380 S.W.2d 582, 584, n. 2. In the cited case the written contract recited the parties had effectuated the relationship of independent contractor. The court said the contention "that there was no evidence that the written contract between the parties was *inoperative* and *not controlling* must be overruled". (our italics). The Supreme Court there cited Humble Oil & Refining Co. v. Martin (1949) 148 Tex. 175, 222 S.W.2d 995, where it was said of the written contract: "that a provision of the agreement expressly repudiates any authority of Humble over the employees" is "not conclusive against the master-servant relationship, since there is other evidence bearing on the right and power of Humble to control the details of the station work".

The contract in the present case was not conclusive. There was unquestionably adequate evidence of the conduct, custom and practice of the parties 16 years after the written contract was made to raise a fact issue as to whether claimant was a borrowed servant of Humble. An instructed verdict, consequently, was not authorized.

Reversed and remanded.