**EXXON CORPORATION, Petitioner,**

v.

**Oscar PEREZ, Respondent.**

**No. D–1366.**

Supreme Court of Texas.

Sept. 9, 1992.

Michael A. Hatchell, Molly H. Anderson, Ramey, Flock, Jeffus, Crawford, Harper & Collins, Tyler, Nicholas Vincent, William A. Snapp, Houston, for petitioner.

Portia J. Bott, Thornton, Summers, Biechlin, Dunham & Brown, Inc., San Antonio, Roland L. Leon, Thornton, Summers, Biechlin, Dunham & Brown, Corpus Christi, Baldemar Gutierrez, Alice, for respondent.

PER CURIAM.

The Motion for Rehearing of Oscar Perez is overruled and the following is substituted as the court's opinion.

We revisit the former Workers' Compensation Act (the Act) to consider whether the trial court erred by refusing to include within the charge a question and accompanying definition on Oscar Perez's status as Exxon's borrowed servant. The court of appeals found no error and affirmed the trial court. We disagree.

This cause arises from a personal injury suit brought by Perez in 1987 against Exxon for injuries he sustained while cutting pipe for Exxon under the supervision of Exxon's maintenance supervisor. Trial was before a jury which delivered a verdict in Perez's favor. Based on the jury's verdict, the trial court entered judgment against Exxon, awarding Perez actual and exemplary damages.

Exxon complains that because the trial court failed to submit a question and definition [1] to the jury regarding Perez's status as its borrowed servant, it was denied a viable affirmative defense. Specifically, Exxon asserts that since it was a subscriber under the Act and was covered by a workers' compensation policy, it would have been insulated from common-law negligence liability had the jury answered affirmatively to its proposed borrowed servant question. See TEX.REV.CIV.STAT.ANN. art. 8306, §§ 3a, 3c, art. 8309, § 1 (Vernon 1967), *repealed by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), 1989 TEX.GEN.LAWS 1, 20, 22–23, effective Jan. 1, 1991 (current version at TEX.REV. CIV.STAT.ANN. art. 8308–1.03(18), 3.05, 3.08, 3.23–3.26 (Vernon Supp.1992)).

The court of appeals held that a contract between Exxon and Perez's employer, Hancock Construction & Services Co. (Hancock), was determinative of Perez's job status and that, consequently, the trial court did not err by refusing Exxon's proposed question. In reaching this conclusion, the court of appeals relied on the case of *Producer's Chem. Co. v. McKay,* 366 S.W.2d 220 (Tex.1963). In *Producer's Chemical* we recognized that whether a general employee of one employer may, in a particular situation, become the borrowed servant of another employer is often a difficult question. *Id.* at 225. A contract between two employers providing that one shall have the right of control over certain employees is a factor to be considered, but it is not controlling. *Id.* at 226. This court has held that a contract will not prevent the existence of a master-servant relationship where the contract is "a mere sham or cloak designed to conceal the true legal relationship between the parties." *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 590 (Tex.1964); *see also Swift v. Aetna Casualty & Surety Co.,* 449 S.W.2d 818, 821 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ) (contract not conclusive); *Highlands Underwriters Ins. Co. v. Martinez,* 441 S.W.2d 666, 667–68 (Tex.Civ.App.— Waco 1969, writ ref'd n.r.e.) (same). Where the right of control prescribed or retained over an employee is a controverted issue, it is a proper function for the factfinder to consider what the contract contemplated or whether it was even enforced. *Humble Oil & Refining Co. v. Martin,* 148 Tex. 175, 178, 222 S.W.2d 995, 997–98 (1949); *Halliburton v. Texas Indemnity Ins. Co.,* 147 Tex. 133, 137, 213 S.W.2d 677, 679 (1948); *Martinez,* 441 S.W.2d at 668. Because the record in the present case is replete with evidence [2] of Exxon's right of control over Perez, the court of appeals erred by concluding that the contract between the parties was conclusive. *See Carr v. Carroll Co.,* 646 S.W.2d 561, 563 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *cf. Continental Ins. Co. v. Wolford,* 526 S.W.2d 539, 541–42 (Tex.1975) (no evidence that worker was an employee).

Further, we have held that unless an employee gives timely notice of his reservation of common-law claim, an employer who pleads and proves subscriber status is immune from liability for common-law negligence and the employee's exclusive remedy is under the Act. *See Puga v. Donna Fruit Co., Inc.,* 634 S.W.2d 677, 680 (Tex. 1982); *Bell v. Humble Oil & Refining Co.,* 142 Tex. 645, 181 S.W.2d 569 (1944). Here,

---

1. Exxon's proposed question and accompanying definition were taken from 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 6.02 (1987). Although we do not necessarily approve of this particular charge as offered in this case, it is not "affirmatively incorrect." *See Placencio v. Allied Indus. Int'l, Inc.,* 724 S.W.2d 20, 21 (Tex. 1987) (citations omitted).

2. For example, Perez testified that Exxon's foreman not only supervised the job-site but also instructed Perez as to precisely where and how the pipe should be cut, thereby providing evidence that by directing even "the details" of the work, Exxon possessed the right of control. *See Anchor Casualty Co. v. Hartsfield,* 390 S.W.2d 469, 471 (Tex.1965).

the record reveals that Exxon pleaded and provided evidence at trial of its subscriber status in compliance with the Act. Additionally, Exxon pleaded and presented evidence that Perez was its borrowed servant and that he was therefore subject to the Act and possessed no common-law right of action. *See Carr,* 646 S.W.2d at 563. Consequently, Exxon was denied a viable affirmative defense when the trial court refused to submit a question and accompanying definition regarding Perez's status as a borrowed servant to the jury. So long as matters are timely raised and properly requested as part of a trial court's charge, a judgment cannot be permitted to stand when a party is denied proper submission[3] of a valid theory of recovery or a vital defensive issue raised by the pleadings and evidence. *Texas & Pac. Ry. Co. v. Van Zandt,* 159 Tex. 178, 182, 317 S.W.2d 528, 530 (1958); *see also Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986); *Garza v. Alviar,* 395 S.W.2d 821, 824 (Tex.1965).

Accordingly, pursuant to TEX.R.APP.P. 170, without hearing oral argument, a majority of this court grants Exxon's application for writ of error, reverses the judgment of the court of appeals, and remands this case to the trial court for new trial.

**3.** *See* TEX.R.CIV.P. 277 and 278.