NUMBER 13-99-786-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FELIPE PUGA AND REBECA PUGA, 

INDIVIDUALLY AND AS NEXT FRIENDS 

AND PARENTS OF RYAN PUGA
, Appellants,


v.



CITY OF HARLINGEN AND HOMERO SALDIVAR
, Appellees.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden




 Felipe Puga and Rebeca Puga, individually and as next friends and
parents of Ryan Puga, a minor, appeal a summary judgment rendered
against them in favor of the City of Harlingen and Homero Saldivar.

Background


 On or about November 23, 1996, Ryan Puga, a minor, was
performing community service pursuant to a minor delinquency
program administered by the defendant City of Harlingen. While
performing the community service, Ryan Puga was struck by a motor
vehicle and injured. Felipe Puga and Rebeca Puga, individually and as
next friends and parents of Ryan Puga, brought suit against the City of
Harlingen, Homero Saldivar, an employee of the City, and Elodia
Canas(1), the driver of the vehicle that struck Puga. The City and Homero
Saldivar filed a motion for summary judgment asserting that Puga's suit
was barred by workers compensation, and alternatively, that Puga had
accepted workers compensation benefits and had thus waived his right
to a common law cause of action. 

 The trial court granted summary judgment in favor of these
defendants without specifying the ground or grounds relied upon for its
ruling. We will therefore uphold the summary judgment if at least one
ground advanced in the motion survives review. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989). 


Standard of Review


 In a summary judgment, the movant has the burden of showing
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. American Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997). In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable
to the nonmovant will be taken as true. Id. Every reasonable inference
must be indulged in favor of the nonmovant, and any doubts must be
resolved in favor of the nonmovant. Id. 

 When a defendant moves for summary judgment on its affirmative
defense, it must prove each element of its defense as a matter of law,
leaving no issues of material fact. See, e.g., Gross v. Kahanek, 3
S.W.3d 518, 519 (Tex. 1999). Defendants' contention that Puga's only
remedies were under the workers compensation act is an affirmative
defense. Brown Servs., Inc. v. Fairbrother, 776 S.W.2d 772, 775-76
(Tex.App.­Corpus Christi 1989, writ denied). Defendants were required
to prove that the City had workers compensation insurance that covered
Puga's claims. See Exxon Corp. v. Perez, 842 S.W.2d 629, 630-31
(Tex. 1992).

Summary Judgment


 Defendants' motion for summary judgment was filed on August
13, 1999. On August 16, 1999, the court set the hearing on the motion
for summary judgment for September 8, 1999. Plaintiffs filed their
response to the motion on August 31, 1999. Defendants subsequently
filed a reply to plaintiffs' response on September 2, 1999, attaching a
revised or corrected affidavit. Defendants did not concomitantly move
for a continuance of the summary judgment hearing date. Plaintiffs 
responded to this reply on September 7, 1999, raising an additional
defense to the summary judgment. Defendants then filed a motion for
leave to file a reply to plaintiffs' most recent response on September 17,
1999, responding to appellants' additional defense and including
additional affidavits. The summary judgment was granted on
November 3, 1999. 

 The record does not reflect that the court granted leave to file any
of these pleadings beyond those which were "timely filed prior to the
hearing." Affidavits, unfiled discovery, and other summary judgment
evidence must be filed by the deadline that applies to the motion or
response. Tex. R. Civ. P. 166a(c),(d). Thus, the motion and
accompanying evidence must have been filed twenty-one days before
the hearing, and the response and accompanying evidence must have
been filed seven days before the hearing. Id. There is no deadline in
rule 166a for a movant's reply to a response. Knapp v. Eppright, 783
S.W.2d 293, 296 (Tex.App.­Houston [14th Dist.] 1989, no writ)(court
considered reply filed three days before hearing). 

 Although Texas Rule of Civil Procedure 166a(c) permits the late
filing of summary judgment proof, leave of court is required. 
Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996). If
either the movant or the nonmovant files late summary judgment
evidence or a late amendment to the evidence, and no order appears in
the record granting leave to file, the evidence will not be considered as
being before the court. Id. Similarly, if an amended response is filed
after the deadline, and the record does not contain a ruling by the court,
the appellate court will assume the response was not before the trial
court. INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985). 

 Because the record does not reflect that the trial court granted
leave to file the pleadings filed on September 2, 7, and 17, we assume
that only defendant's motion for summary judgment and plaintiffs'
response were before the trial court, and will review the judgment
based solely on those pleadings.

Analysis


 Section 504.012 of the Labor Code governs optional workers
compensation coverages. See Acts 1993, 73rd Leg., ch. 269, §1
(amended 1999)(current version at Tex. Lab. Code Ann. §504.012
(Vernon Supp. 2000)).(2) This section provides that a political subdivision
may cover volunteer fire fighters, police officers, emergency medical
personnel, and "other volunteers that are specifically named." See Tex.
Lab. Code Ann. §504.012(a). This section also provides that a political
subdivision may cover a "child who is in a program established by the
political subdivision to assist children in rendering personal services to
a charitable or educational institution under Section 54.041(b), Family
Code." See Tex. Lab. Code Ann. §504.012(c). Section 54.041(b) of the
Family Code allows the juvenile court to order the child or a parent to
make full or partial restitution to the victim of the offense for property
damage, loss or personal injury. 

 In their motion for summary judgment, defendants argued that
Ryan Puga was covered by workers compensation at the time of the
incident, and therefore, the recovery of workers compensation benefits
was his exclusive remedy. By affidavit, Marvin Hendrix, risk manager
for the City of Harlingen, stated that:

 At the time of Ryan Puga's alleged injury, specifically
November 23rd, 1996, the City was paying workers'
compensation premiums on all individuals classified as
volunteers based on "rate times minimum wage." Ryan
Puga was performing community service for the City of
Harlingen under Section 54.044 of the Texas Family Code
and was covered under our Workers' Compensation policy
which was in effect under Section 504.012 of the Labor
Code.


Section 54.044 of the Texas Family Code requires that if the court
places a child on probation under section 54.04(d), the court shall
require as a condition of probation that the child work a specified
number of hours at a community service project. 

 In response, plaintiffs argued that Hendrix's affidavit showed that
the City did not establish a "program established by the political
subdivision to assist children in rendering personal services to a
charitable or educational institution under Section 54.041(b)," and
therefore, Puga could not have been covered by workers compensation. 
Plaintiffs further argue that the language of the labor code indicates an
intention that "volunteers" and "minors" be treated separately and
distinctly for purposes of providing workers compensation insurance. 
Plaintiffs note that the workers compensation insurance policy at issue
only references "volunteers" and does not reference minors or children. 
 

 The Agreement for Community Service executed by Puga does not
specify whether Puga was performing community service as a condition
of probation under section 54.044, or whether Puga was performing
community service as a means to make restitution under section
54.041(b). However, the agreement recites that "This matter was
present [sic] to the court to ascertain the appropriate manner by which
the defendant shall discharge the fine(s) and costs assessed against
him/her in the above-styled and numbered cause." Thus, it appears that
Puga was performing community service for the purposes of making
restitution. Thus, Hendrix's affidavit may be incorrect insofar as it
recites that Puga was performing community service under section
54.044 regarding probation. 

 Nevertheless, Hendrix's affidavit and attached documentation
shows that Puga was covered by workers compensation insurance. 
Hendrix's affidavit states that Puga was covered by workers
compensation under section 504.012 of the Labor Code. The attached
policy shows coverage for "inside" and "outside" volunteers, which
"could include volunteers assigned to work off minor fines through
community service depending on type of work assigned." Section
504.012 of the labor code allows a political subdivision to provide
optional coverage for volunteers. Further evidence adduced by
defendants shows that workers compensation benefits were in fact paid
to Puga. 

 Because defendants have established the affirmative defense that
workers compensation is Puga's sole remedy as a matter of law,
summary judgment is proper. We therefore overrule plaintiffs' issues
on appeal and affirm the trial court's order granting summary judgment.



 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed this 

14th day of December, 2000.

 

1. Elodia Canas, driver of the vehicle that struck Puga, is a not a
party to this appeal. 
2. All further references to this section herein will be to the former
version of the statute as applicable to the instant case.