In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-353 CV


____________________



JOHN E. CANNAN, Appellant



V.



ABSOLUTE DEMOLITION, INC., Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 01-10-06299-CV






MEMORANDUM OPINION


 John E. Cannan sued Absolute Demolition, Inc. for injuries sustained while working
at Absolute's work site. The jury found both Cannan (40%) and Absolute (60%)
negligent, found damages of $961,000 and found Cannan was acting as a borrowed
employee of Absolute, resulting in a take-nothing judgment in favor of Absolute. Cannan
alleges there was no evidence or insufficient evidence to support the jury finding of
"borrowed servant."

 Cannan was the employee of Labor Ready, Inc., a temporary labor service and was
assigned by Labor Ready to a demolition project run by Absolute. This assignment was
through a "Work Ticket." Cannan urges the pre-printed conditions on the back of the
"Work Ticket" constituted a contract wherein Labor Ready retained the right of control
over Cannan, therefore, Cannan could not be the borrowed servant of Absolute. 

 While we have serious doubts that the work ticket constitutes a contract and even
more serious doubts that the language on the work ticket retains the right of control in
Labor Ready, we need not resolve those doubts to determine this case. Even if a contract
does exist between two employers providing that one shall have the right of control, it is
a factor to be considered, but is not controlling. Exxon Corp. v. Perez, 842 S.W.2d 629,
630 (Tex. 1992); St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 541 (Tex. 2002). Moreover,
control of all the details of the work is not required for an employee to become the
borrowed servant of another employer. Wingfoot Enterprises, Inc. v. Alvarado, 111 S.W.3d
134, 146 (Tex. 2003).

 There is ample evidence from Absolute's president, superintendent and foreman that
Absolute disregarded the preprinted conditions and did in fact control and direct the work
of Cannan, including the work which caused his injury. All the testimony revealed that
Cannan was only told to report to the Absolute site by Labor Ready. After that, all the
control and supervision was provided by Absolute.

 Utilizing the appropriate standards for reviewing no evidence and insufficient
evidence we overrule both of Cannan's arguments. The judgment is affirmed.




 _____________________________

 DON BURGESS

 Justice


Submitted on May 13, 2004

Opinion Delivered June 17, 2004 



Before McKeithen, C.J., Burgess and Gaultney, JJ.