11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Raymond L. Williams 
            Appellant
Vs.            No. 11-03-00392-CV -- Appeal from Ector County
McGuire Industries, Inc. 
            Appellee
 
            Raymond L. Williams filed this personal injury action, based in negligence, against McGuire
Industries, Inc. McGuire filed a motion for summary judgment contending that Williams was its
borrowed employee at the time of the accident and, therefore, that Williams’s claims against it were
barred by the exclusive remedy provision in the Texas Workers’ Compensation Act (TWCA). See
TEX. LAB. CODE ANN. § 408.001 (1996). The trial court granted McGuire’s motion. In his sole
appellate issue, Williams argues that the trial court erred in granting McGuire’s motion for summary
judgment. We affirm.
Background Facts
            Williams was employed by TCO Field Service as a roustabout pusher. On March 20, 2001,
Williams and his roustabout crew went to a Texaco lease to do work for McGuire. While they were
at the location, McGuire’s foreman, Sikes, told Williams and his crew what to do and directed them
in the details of their work. McGuire supplied the pipe and materials that were necessary for the job.
The accident in question occurred on March 21, 2002. Williams alleged that he was injured while
carrying a piece of pipe and that McGuire’s negligence caused the accident. The issue on appeal is
whether McGuire proved as a matter of law that Williams was its borrowed employee at the time of
the accident. 
Standard of Review
            McGuire moved for a traditional summary judgment on its affirmative defense of borrowed
employee. The standards of review for a “traditional” summary judgment under TEX.R.CIV.P.
166a(c) are well established. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991); Nixon
v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985); City of Houston
v. Clear Creek Basin Authority, 589 S.W.2d 671, 676 (Tex.1979). We must consider the summary
judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences
in favor of the non-movant, and determine whether the movant proved that there were no genuine
issues of material fact and that it was entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Company, Inc., supra; City of Houston v. Clear Creek Basin Authority, supra. A
defendant is entitled to summary judgment on an affirmative defense if it establishes each element
of the defense as a matter of law. American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420,
425 (Tex.1997); Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.1997); Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex.1996).
Summary Judgment Evidence
            The summary judgment evidence, including Williams’s deposition testimony, established the
following facts: (1) that the accident occurred on March 21, 2001, on a Texaco lease; (2) that
Williams was employed by TCO Field Service as a roustabout pusher; (3) that, on March 20, 2001,
Williams and his TCO crew started a job on the location for McGuire; (4) that the job was to attach
a mud-gas separator to a well head for McGuire; (5) that McGuire’s foreman, Sikes, was Williams’s
and the TCO crew’s boss while they were on the location; (6) that McGuire supplied the equipment
and materials for the job; (7) that Williams and his crew were on the location to do whatever Sikes
told them to do; (8) that Williams understood that Sikes would be directing him and his crew in the
details of their work; (9) that Sikes did direct Williams and his crew in the details of their work; (10)
that Sikes was on the location the entire time that Williams and his crew were there; (11) that, when
Williams hurt his back, he was carrying a section of pipe that Sikes had directed him to carry to the
mud-gas separator; (12) that every activity Williams performed on the location was performed under
the direct supervision, and at the direction, of Sikes; (13) that Williams did not have a supervisor
from TCO Field Service at the location; (14) that Sikes told Williams in detail how to make the
various connections of pipe; and (15) that Sikes supervised the picking up and carrying of pipe on
the location.
            McGuire provided summary judgment evidence establishing that it had workers’ compen-sation insurance coverage for its employees at the time of Williams’s accident. 
Borrowed Employee Issue
            Section 408.001 is the exclusive remedy provision of the TWCA. Section 408.001(a) of the
TWCA provides as follows:
            Recovery of workers’ compensation benefits is the exclusive remedy of an
employee covered by workers’ compensation insurance coverage...against the
employer...for...a work-related injury sustained by the employee. 
 
An employee may have more than one employer for purposes of the TWCA’s exclusive remedy
provision. Wingfoot Enterprises v. Alvarado, 111 S.W.3d 134 (Tex. 2003). 
            If Williams was McGuire’s borrowed employee, then his claims against McGuire are barred
by the exclusive remedy provision in the TWCA. A general or regular employee of one employer
may become the borrowed employee of another with respect to some activities. St. Joseph Hospital
v. Wolff, 94 S.W.3d 513, 537 (Tex.2002)(plurality opinion); Sparger v. Worley Hospital, Inc., 547
S.W.2d 582, 583 (Tex.1977). Whether a general employee of one employer has become the bor-rowed employee of another employer hinges on whether the other employer or its agents have the
right to direct and control the employee with respect to the details of the particular work at issue. 
St. Joseph Hospital v. Wolff, supra. The test is whether the borrowing employer has the right to
control the progress, details, and methods of operations of the work at issue. Limestone Products
Distribution, Inc. v. McNamara, 71 S.W.3d 308, 312 (Tex.2002); Thompson v. Travelers Indemnity
Co. of Rhode Island, 789 S.W.2d 277, 278 (Tex.1990). The borrowing employer must control not
merely the end sought to be accomplished but also the means and details of its accomplishment. 
Limestone Products Distribution, Inc. v. McNamara, supra; Thompson v. Travelers Indemnity Co.
of Rhode Island, supra. Several factors are to be considered in determining who has power and
control over the employee: the nature of the general project, the nature of the work to be performed
by the machinery and employees furnished, the length of the special employment, the type of
machinery furnished, the acts representing an exercise of actual control, and the right to substitute
another operator of the machinery. Producers Chemical Company v. McKay, 366 S.W.2d 220, 226
(Tex.1963); Faust v. Pumpco, Inc., 57 S.W.3d 620, 623 (Tex.App. - Texarkana 2001, pet’n den’d). 
An additional factor to be considered is any contract language between the two parties addressing
the right to control. Exxon Corporation v. Perez, 842 S.W.2d 629, 630 (Tex.1992).
            The summary judgment evidence set forth above established that McGuire’s foreman, Sikes,
had the right to direct and control, and did direct and control, the details of Williams’s work. Thus,
McGuire established as a matter of law that Williams was its borrowed employee. McGuire had
workers’ compensation insurance on the date of the accident. Williams’s claims against McGuire
in this suit are barred by Section 408.001(a) of the TWCA. The trial court did not err in granting
summary judgment to McGuire. Williams’s appellate issue is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
February 17, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.