Affirmed and Majority, Concurring, and Dissenting Opinions filed January
31, 2007








Affirmed and Majority, Concurring, and Dissenting Opinions filed January 31, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00183-CV

_______________

 

GUILLERMINA MOSQUEDA, Appellant

 

V.

 

G & H DIVERSIFIED MFG., INC., EDWARD KASH, KASH
FAMILY PARTNERSHIP and KASH HOLDINGS L.L.C., Appellees

                                                                                                               
                                

On Appeal from 281st District Court

Harris County, Texas

Trial Court Cause No. 02‑14362

                                                                                                                                  
             

 

D I S S E N T I N G   O P I N I O N

 

As the majority opinion correctly
recognizes, the JNOV on G & H=s exclusive remedy (affirmative)
defense can properly be affirmed only if the evidence conclusively established,
among other things, that Mosqueda was a borrowed employee of G & H.[1] 
AEvidence is conclusive only if
reasonable people could not differ in their conclusions, a matter that
depends on the facts of each case.@  City of Keller v. Wilson,
168 S.W.3d 802, 815-16 (Tex. 2005) (emphasis added).  We review the evidence in
the light most favorable to the verdict and indulge every reasonable
inference that would support it.  Id. at 822.








Because neither party in this case
assigned error to the definition of Aborrowed employee@ submitted in the jury charge, the
sufficiency of the evidence is measured against that definition.[2] 
The issue of whether G & H had the right to direct and control the details
of the particular work in question was a fact issue to be determined by the
jury from the evidence submitted at trial,[3]
not a legal question to be decided by this court.  The only legal question is
whether there was any evidence supporting the jury=s finding that G & H did not have
that right, such that the JNOV was improper.  Therefore, the JNOV cannot be
affirmed if the evidence would allow reasonable people to differ on whether G
& H had Athe right to direct and control the details of the particular work in
question.@

To establish that it had the
requisite right of control for this purpose, G & H=s motion for JNOV relied principally
on the AConditions of Service@ printed on a Pacesetter time ticket
(the Atime ticket@), stating that G & H was the Aworksite employer with authority to
direct the work to be done@ (the Aright of control provision@).  A contract between two employers
providing that one shall have the right to control certain employees is a
factor to be considered, but is not controlling, in determining whether the
employee of one employer had become the borrowed employee of another employer. 
Exxon Corp. v. Perez, 842 S.W.2d 629, 630 (Tex. 1992).  Although a
contractual assignment of the right of control can sometimes be dispositive of
whether a regular employee of one party is a borrowed employee of another, Ait is not dispositive when there is
conflicting evidence as to which entity had the right to control the details of
the work in question.@  St. Joseph Hosp. v. Wolff,
94 S.W.3d 513, 544 n.92 (Tex. 2002) (plurality opinion) (emphasis added).  In
such circumstances, the issue is left to the jury.  Id.  In addition, Areviewing courts must construe
contracts as a whole; we do not consider only the parts favoring one party and
disregard the remainder, as that would render the latter meaningless.@  City of Keller, 168 S.W.3d
at 811.








In this case, as in Garza, the
injured worker was working at the premises of a client company in furtherance
of its day-to-day business, and the details of the work that caused the injury
were specifically directed by the client company.   However, unlike in Garza,
this case involved a trial rather than a summary judgment, and G & H
introduced into evidence and relied upon the time ticket, which also contained
the following condition of service:

8.         Customer
agrees that it will not permit or assign the Services employees to perform any
work which would expose them to any unreasonably dangerous working conditions.

(Aparagraph 8").  The evidence in
this case was controverted as to whether G & H had manifested its assent to
the conditions of service on the back of the time ticket, and thus failed to
conclusively prove that the right of control provision even governed the rights
and obligations of the parties.[4]  However,
even if the conditions of service did apply, providing that G & H had
general authority to direct the work to be done, paragraph 8 also applied,
supporting at least a reasonable inference, which we must indulge, that G &
H had no right to assign Mosqueda to perform any work that could expose her to
any unreasonably dangerous working conditions.  Because G & H neither
objected to, nor requested a limiting instruction for, this evidence, it was
admitted for all purposes and could be so considered by the jury.[5]








The evidence further reflects that
Pacesetter had sent Mosqueda to G & H to assemble doorknob lock sets. 
However, Mosqueda=s supervisor there, Felix Gonzales, asked her to also work on
several other machines, including the multislide machine on which she severed
her thumb.  Mosqueda=s expert witness, Arthur Walton, a professional engineer,
testified that: (1) the multislide machine on which Mosqueda was injured did
not have a guard over the moving parts, as required by OSHA; (2) without such a
guard, there was Aan extreme degree of risk of someone getting hurt@ by the multislide, particularly in
that there was no warning on the machine to alert someone of this danger; and
(3) not having a guard on the machine was one of the causes of Mosqueda=s accident.

In the context of the jury charge
submitted, the foregoing evidence would allow reasonable people to at least
differ whether: (1) working on the multislide machine under these circumstances
exposed Mosqueda to unreasonably dangerous working conditions; and (2)
paragraph 8 provided that G & H did not even have the right to assign, let
alone direct and control the details of, any such work, as specified in the
charge definition of borrowed employee, even if G & H actually exercised
that right.  If the jury charge did not correctly state the law, did not
correctly apply to the facts of this case, or did not mean what it plainly
states, G & H should have requested whatever language was necessary to enable
the jury to render a proper verdict.  Lacking any such modification, it negates
the role of the jury (and thereby denies the right to a jury trial) for a
court, after the fact, to construe the charge as having a more narrow meaning
than that of the words used in it, or to ignore evidence that is probative of
the issues actually submitted in order to defeat the existence of a fact issue.

Because the charge submitted to the
jury and the evidence presented at trial authorized the jury to render a
verdict that Mosqueda was not a borrowed employee, G & H was not entitled
to a JNOV on that issue.  Therefore, I would reverse the JNOV and render
judgment in accordance with the jury=s verdict.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and
Concurring and Dissenting Opinions filed January 31, 2007.

Panel consists of Justices Edelman,
Frost, and Seymore. (Seymore, J., majority and concurring opinions).









[1]           See Juliette Fowler Homes, Inc. v. Welch
Assocs., Inc., 793 S.W.2d 660, 669 n.9 (Tex. 1990).





[2]           Romero v. KPH Consolidation  Inc.,
166 S.W.3d 212, 221 (Tex. 2005); St. Joseph Hosp. v. Wolff, 94 S.W.3d
513, 530 (Tex. 2003).





[3]           See Comm. On Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury
Charges -General Negligence & Intentional Personal Torts PJC 7.2; PJC 7.5 (2003).





[4]           Because the case was not tried on a breach
of contract theory, no questions were submitted concerning the existence of a
written contract.





[5]              See Tex. Health Enters., Inc. v.
Tex. Dep=t of Human Servs., 949 S.W.2d 313, 314 (Tex. 1997); Aluminum
Co. of Am. v. Alm, 785 S.W.2d 137, 139 (Tex. 1990).