

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EL PASO TOOL AND DIE COMPANY, INC., | § | |
| | | No. 08-19-00087-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law Number Three |
| | § | |
| CARLOS MENDEZ | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2017-DCV0027) |
| | § | |

## CONCURRING OPINION

Having authored the majority opinion, I take the rare, but not unprecedented step to file a concurring opinion. I lament the state of the law regarding the exclusive remedy defense and temporary employee services. We would be hard-pressed to make this aspect of the business of temporary employment more complicated than the law makes it today. A temporary employment service secures workers' compensation insurance because it wants to (1) protect its workers, (2) protect itself from workplace injury lawsuits, and (3) protect its client companies from such lawsuits. Client companies hire temporary workers because they are in immediate need of workers, perhaps because they are engaged in a cyclical business.[1] As El Paso Tool did here, they may provide their own workforce with workers' compensation insurance for much the same

---

[1] El Paso Tool needs approximately 25 workers, four of which are from temporary agencies based on fluctuations in its orders.

1

reasons as the temporary agency. They certainly do not hire temporary workers with the idea in mind of winding up in front of a jury on a right of control issue.

This case shows how easy it is to create a fact issue under the rubric of right of control, even with the pared down right of control test as applied in *Garza*. That is not to suggest there is anything improper about Mendez's affidavit. But we are asking witnesses to describe their *perceptions* of workplace relationships. Those relationships, when not defined by written documents, necessarily flow from conversations or interactions that are subject to the frailties of memory, or the misperception by the participants. Mendez urged at oral argument that all El Paso Tool and Elwood Staffing needed was a written contract that fixed who had the right of control. Other cases, however, demonstrate how loose contractual language in those types of written agreements can similarly create a fact issue about who is the employer. *See Stevenson v. Waste Mgmt. of Texas, Inc.*, 572 S.W.3d 707, 708 (Tex.App.--Houston [14th Dist.] 2019, writ pending) (contract between the temporary agency and the client company stating that the worker was an independent contractor and not an employee of the client company created a fact issue precluding summary judgment); *Hoffman v. Trinity Industries, Inc.*, 979 S.W.2d 88, 90 (Tex.App.--Beaumont 1998, writ dism'd by agr.) (summary judgment should have been denied for client company when contract only designated staff leasing agency as employer). And while contractual language dictating who has the right of control over certain activities is certainly a factor to be considered, it is not always controlling. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 630 (Tex. 1992) (stating same in context of borrowed servant doctrine).

Finally, the case law is replete with the maxim that whether one party exercises actual control is generally a question of fact. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 292 (Tex. 2004); *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 544 n.92 (Tex. 2002); *Painter v. Sandridge*

*Energy, Inc.*, 511 S.W.3d 713, 720 (Tex. App.--El Paso 2015, pet. ref'd). All of this may leave client companies to litigate the right of control before a jury when they may have justifiably believed that the temporary agency's insurance coverage, or their own, would have precluded that result. A simple perusal of the reported cases bears this statement out.[2] Troubling as this situation may be, I am neither free to stray from the Act, nor Texas Supreme Court precedent, and therefore concur in the decision of the Court.

JEFF ALLEY, Chief Justice

December 4, 2019

---

[2] *See e.g. AmeriGas Propane, L.P. v. Aboytes-Muniz*, No. 09-18-00122-CV, 2019 WL 2127750, at *5 (Tex.App.--Beaumont May 16, 2019, pet. filed)(considering as one issue in permissive appeal whether temporary worker was employee of client company); *Stevenson*, 572 S.W.3d at 708 (concluding that fact issues precluded client company from claiming employer status for purposes of exclusive remedy defense); *Guevara v. WCA Waste Corp.*, No. 01-15-01075-CV, 2017 WL 1483320, at *1 (Tex.App.--Houston [1st Dist.] Apr. 25, 2017, pet. dismissed) (not designated for publication); *Texas Instruments, Inc. v. Udell*, No. 05-14-01042-CV, 2016 WL 4485573, at *6 (Tex.App.--Dallas Aug. 25, 2016, pet. denied)(finding temporary employee was the client company's employee, but only after a full trial on the merits).