Glenn WESBY, Appellant,

v.

**ACT PIPE & SUPPLY, INC.**
**and John Doe, Appellee.**

No. 05–05–01467–CV.

Court of Appeals of Texas,
Dallas.

Aug. 14, 2006.

---

Adam R. Hardison, Rad Law Firm, PC, Deborah A. Womack, Law Offices of Jeffrey M. Lust, Dallas, for Appellant.

Christopher J. Pruitt, Brown Pruitt Peterson & Wambsganns, Fort Worth, for Appellee.

Before Justices WRIGHT, MOSELEY, and LANG.

## OPINION

Opinion by Justice LANG.

In the trial court, Wesby asserted claims for personal injuries he sustained while working on Act Pipe & Supply, Inc.'s premises in Dallas, Texas. Act Pipe moved for summary judgment, arguing Wesby's common law claims were barred because his exclusive remedies were under the Texas Workers' Compensation statutes. Now, Wesby appeals from a summary judgment which rules that he take nothing on his claims.

In two points on appeal, Wesby contends that the trial court erred in granting summary judgment. First, he argues his common law claims are not barred by the Staff Leasing Services Act, as asserted by Act Pipe in one of its grounds supporting summary judgment. He contends he was not a worker leased to a client company and therefore covered by the act, but was only an employee of a temporary placement agency. In his second point, Wesby argues Act Pipe did not establish its right to the protections afforded as an alleged subscriber to the Texas workers' compensation system because it failed to affirmatively plead and prove that it provided the requisite notice to Wesby.

The trial court did not state the basis for granting the summary judgment. We conclude at least one legal theory asserted by Act Pipe in its motion for summary judgment is supported by the evidence. That theory is that Wesby was a borrowed servant of Act Pipe (which Wesby does not contest), Act Pipe is not required by law to give notice of workers' compensation coverage to Wesby in order to receive the protections of a subscriber, and Act Pipe's workers' compensation insurance applied to Wesby, causing his common law claims to be barred. Accordingly, we decide against Wesby on his second point on appeal. That determination is dispositive. Therefore, we need not address his first point. The summary judgment of the trial court is affirmed.

## I. FACTUAL BACKGROUND

On May 30, 2002, appellant Glenn Wesby was injured while working on Act Pipe's premises in Dallas, Texas. An Act Pipe employee struck a stack of large PVC pipes with a forklift, which caused the pipes to fall and pin Wesby against a wall. At the time of the accident, Wesby was employed by Labor Express Temporary

Services ("Labor Express"), a temporary placement agency that assigned temporary workers to client companies, including Act Pipe. Act Pipe and Labor Express had a contract in which they agreed that Labor Express would provide workers' compensation insurance for all Labor Express workers assigned to Act Pipe. The contract also stated that a portion of the money Labor Express charged Act Pipe for workers' services was to be applied to workers' compensation insurance provided by Labor Express. At the time of the accident, Act Pipe also had a workers' compensation insurance policy in effect.

Following his injury, Wesby sued Act Pipe and the employee, denominated as "John Doe," who was operating the forklift at the time of the accident, for general negligence. Valley Forge Insurance Company filed a petition in intervention in the trial court, alleging it had issued a policy of workers' compensation insurance to Labor Express and that it had paid workers' compensation medical and indemnity benefits to Wesby pursuant to the policy.

In their motion for summary judgment, appellees argued two grounds. First, they alleged the exclusive remedy provision of the Staff Leasing Services Act applied to bar Wesby's common law claims. Appellees contended that since it was undisputed that Labor Express was covered by a workers' compensation insurance policy at the time of the accident and that Wesby was entitled to, has received, and continues to receive benefits under that policy, the Staff Leasing Services Act invoked the exclusive remedy provision of the Texas Workers' Compensation statutes. Second, in the alternative, they asserted that even if the Staff Leasing Services Act did not apply in this case, the exclusive remedy provision of the Texas Workers' Compensation statutes would bar Wesby's common law claims pursuant to the borrowed serv-

ant doctrine. Act Pipe asserts that because Wesby is a borrowed servant under the facts, Act Pipe's workers' compensation policy applies to Wesby, thereby barring his common law claims. The trial court granted appellees' motion for summary judgment without specifying the ground.

## II. STANDARD OF REVIEW

■ The standard of review in traditional summary judgment cases is well established. *See Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex.2003). The issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). All evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* Evidence favoring the movant's position will not be considered unless it is not controverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

■ A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all necessary elements of an affirmative defense. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995); *see Pustejovsky v. Rapid–Am. Corp.,* 35 S.W.3d 643, 646 (Tex.2000). A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *Roark v. Stall-*

*worth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991); *see* Tex.R. Civ. P. 94. The exclusive remedy provision of the Texas Workers' Compensation Act is an affirmative defense. *Morales v. Martin Res., Inc.,* 183 S.W.3d 469, 471 (Tex.App.-Eastland 2005, no pet.); *Pierce v. Holiday,* 155 S.W.3d 676, 678 (Tex.App.-Texarkana 2005, no pet.); *see Exxon Corp. v. Perez,* 842 S.W.2d 629, 631 (Tex.1992). "Because an employer's status as a subscriber to workers' compensation is an affirmative defense, the duty is on the employer/defendant—not the employee/plaintiff—to plead and prove such facts." *Pierce,* 155 S.W.3d at 678; *see* Tex.R. Civ. P. 94.

■ "After the movant produces evidence entitling it to summary judgment, the burden then shifts to the nonmovant to present evidence of any issues that would preclude summary judgment or create a fact issue." *Dallas Firefighters Ass'n v. Booth Research Group, Inc.,* 156 S.W.3d 188, 192 (Tex.App.-Dallas 2005, pet. denied); *see Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). Summary judgment will be affirmed only if the record established that the movant conclusively proved all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). However, when the order granting summary judgment does not state the basis for the court's judgment, an appellate court must affirm the judgment if any of the theories raised in a motion for summary judgment are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). Thus, appellants must challenge every ground upon which summary judgment could have been granted to obtain a reversal when the trial court does not specify the basis for its ruling. *See Cullen/Frost Bank v. Commonwealth Lloyd's Ins.,* 852 S.W.2d 252, 256 (Tex.

App.-Dallas 1993), *writ denied per curiam,* 889 S.W.2d 266 (Tex.1994).

## III. APPLICABLE LAW

### A. Borrowed Servant Doctrine

Although Wesby does not contest that he is Act Pipe's borrowed servant, we address this doctrine because it is the foundation of one of Act Pipe's grounds supporting its motion for summary judgment. Act Pipe argued in its motion for summary judgment that, pursuant to the borrowed servant doctrine, the exclusive remedy provision of the Texas Workers' Compensation statutes bars Wesby's common law claims even should the Staff Leasing Services Act not apply. *See* Tex. Lab.Code Ann. § 408.001(a) (Vernon 2006) (stating "recovery of Workers' Compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage …"). Texas has long recognized that a general employee of one employer may become the borrowed servant of another. *See Sparger v. Worley Hosp., Inc.,* 547 S.W.2d 582, 583 (Tex. 1977); *J.A. Robinson Sons, Inc. v. Wigart,* 431 S.W.2d 327 (Tex.1968); *Producers Chem. Co. v. McKay,* 366 S.W.2d 220, 225 (Tex.1963); *see also Regalado v. H.E. Butt Grocery Co.,* 863 S.W.2d 107, 111 (Tex. App.-San Antonio 1993, no writ).

■ A borrowed servant is properly covered by the borrowing employer's workers' compensation insurance. *Guerrero,* 55 S.W.3d at 25; *Process Eng'g Co. v. Rosson,* 287 S.W.2d 511, 512 (Tex. Civ.App.-Galveston 1956, no writ). Thus, to prevail on the borrowed servant affirmative defense, the employer must plead and prove that (1) the employee was a borrowed servant; (2) the employee was entitled to workers' compensation benefits; and (3) the employer had workers' compensation insurance that covered the

claims asserted by the borrowed servant. *W. Steel Co., Inc. v. Altenburg,* 169 S.W.3d 347, 350 (Tex.App.-Corpus Christi 2005, pet. filed); *see Univ. of Houston—Clear Lake v. Marsh,* 981 S.W.2d 912, 914 (Tex. App.-Houston [1st Dist.] 1998, no pet.).

### B. Notice

In his second point on appeal, Wesby argues that summary judgment was improper because Act Pipe failed to affirmatively plead and prove that it provided him with notice that it was allegedly a subscriber to the Texas Workers' Compensation system. From the earliest days of the Texas workmens' compensation laws, it was held that an employer who failed to provide proper notice was not a subscriber under the Act. *Brown Servs., Inc. v. Fairbrother, Jr.,* 776 S.W.2d 772, 775 (Tex. App.-Corpus Christi 1989, writ denied); *see Regalado,* 863 S.W.2d at 111. Under a former statute, several Texas courts construed this notice requirement to allow for actual or constructive notice of workers' compensation coverage. *See, e.g., Williams v. APS, Inc.,* 969 S.W.2d 433, 436–37 (Tex.App.-Houston [14th Dist.] 1997, no pet.); *Regalado,* 863 S.W.2d at 110 (both construing Tex.Rev.Civ. Stat. Ann. arts. 8308, 8309 (Vernon Supp.1992), *repealed by,* Act of May 22, 1993, 73d Leg., R.S., ch. 269, § 5(2), 1993 Tex. Gen. Laws 987, 1273) (current version at Tex. Lab. Code Ann. § 406.005 (Vernon 2006)).

While the current statute requires employers to provide notice to employees that they are covered by workers' compensation insurance, failure to provide notice will not bar workers' compensation coverage or application of the exclusive remedy provision. *Esquivel v. Mapelli Meat Packing Co.,* 932 S.W.2d 612, 616 (Tex.App.-San Antonio 1996, writ denied); *see* Tex. Lab.Code Ann. §§ 406.005, 415.022. The issue of notice is now ad-

dressed in section 406.005 of the Texas Labor Code, which provides as follows:

(a) An employer shall notify each employee as provided by this section whether or not the employer has workers' compensation insurance coverage;

(b) The employer shall notify a new employee of the existence or absence of workers' compensation insurance coverage at the time the employee is hired;

(c) Each employer shall post a notice of whether the employer has workers' compensation insurance coverage at conspicuous locations at the employer's place of business as necessary to provide reasonable notice to the employees. The commissioner may adopt rules relating to the form and content of the notice. The employer shall revise the notice when the information contained in the notice is changed;

(d) An employer who obtains workers' compensation insurance coverage or whose coverage is terminated or canceled shall notify each employee that the coverage has been obtained, terminated, or canceled not later than the 15th day after the date on which the coverage, or the termination or cancellation of the coverage, takes effect;

(e) An employer commits an administrative violation if the employer fails to comply with this section.

Tex. Lab.Code Ann. § 406.005. Under this provision, "[f]ailure to notify an employee of coverage constitutes an administrative violation punishable only by fine." *Esquivel,* 932 S.W.2d at 616; *see* Tex. Lab. Code Ann. §§ 406.005(e), 415.022. Thus, "the exclusivity provision of the Act does not hinge on whether notice has been provided to the employee." *Blazik v. Foley's, Inc.,* 1998 WL 788848, *3 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (citing *Esquivel,* 932 S.W.2d at 616); *see also Winn v.*

*Panola–Harrison Elec. Co-op., Inc.,* 40 F.Supp.2d 850, 852 (E.D.Tex.1998).

## IV. APPLICATION OF LAW TO FACTS

The trial court did not identify the basis for the summary judgment. However, we conclude the summary judgment is supported by at least one ground asserted by Act Pipe in its motion for summary judgment, i.e., that Wesby was Act Pipe's borrowed servant and that Act Pipe's workers' compensation insurance applied to Wesby, barring his common law claims. Our conclusion in this regard causes us to decide against Wesby on his second point. This determination is dispositive of this appeal and we need not address his remaining issue. *See S.S.,* 858 S.W.2d at 380.

The exclusive remedy provision of the Texas Workers' Compensation Act is an affirmative defense, and the burden was on Act Pipe to plead and prove facts establishing this defense. *See Altenburg,* 169 S.W.3d at 350; *Pierce,* 155 S.W.3d at 678. For the exclusive remedy provision to apply pursuant to the borrowed servant doctrine, Act Pipe was required to plead and prove: (1) Wesby was a borrowed servant; (2) he was entitled to workers' compensation benefits; and (3) Act Pipe had workers' compensation insurance that covered claims asserted by borrowed employees. *See Altenburg,* 169 S.W.3d at 350.

Wesby has not challenged the applicability of the borrowed servant doctrine. He argues only that Act Pipe failed to provide him proper notice that it was allegedly a subscriber of Texas workers' compensation insurance. However, the case law construing the current Texas Labor Code provision applicable to this case does not require employers to provide affirmative notice of workers' compensation coverage to the employee for the exclusive remedy provision to apply. *See Esquivel,* 932 S.W.2d at 616. Failure to notify an employee of coverage constitutes an administrative violation, punishable only by a fine. *Id.* Neither workers' compensation coverage nor the exclusivity bar of the workers' compensation statute hinges on whether notice has been provided to employees. *Id.*

## V. CONCLUSION

Having decided Wesby's second point against him, we conclude the trial court did not err in granting summary judgment. The trial court's judgment is affirmed.