Opinion issued February 10, 2011

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00737-CV

———————————

CURTIS DAVIS, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF
TERRENCE LAMOYNE DAVIS, DECEASED; AND EVA DAVIS, INDIVIDUALLY, Appellants

V.

ABLE BODY
TEMPORARY SERVICES, INC., Appellee



 



 

On Appeal from the Probate Court No. 2 

Harris County, Texas



Trial Court Case No. 376244-401

 



 

MEMORANDUM OPINION

          In this appeal from a summary
judgment granted in favor of a deceased worker’s employer, we consider whether
(1) a deceased worker’s parents had the authority to waive their son’s workers’
compensation coverage after he was killed on the job; (2) the employer’s
failure to inform the deceased employee of his right to opt-out of workers’
compensation coverage waived the employer’s right to claim workers’
compensation as the exclusive remedy; and (3) the employer is estopped from
claiming that workers’ compensation is the exclusive remedy because it did not
contest the  parents’ right to waive
their deceased son’s coverage until after the deadline for filing their workers’
compensation death claim had passed.  We
affirm.

BACKGROUND

          On August 21, 2007, Terry Davis
submitted an employment application to Able Body Temporary Services, Inc.
[“Able Body”], and was hired.  It is
undisputed that Terry was not informed of his right to opt out of workers’
compensation coverage and to retain any common-law right of action that might
later accrue because of an on on-the-job injury.  On August 22, 2007—Terry’s first day of employment with
Able Body—he
was killed when he fell from the 29th floor of a building that was under
construction.

          The day after the accident, Terry’s
parents, Curtis and Eva Davis, delivered a letter to Able Body purporting to
waive Terry’s workers’ compensation coverage. 
The following day, the Davises filed suit against Able Body in Harris
County’s 125th District Court, alleging claims of negligence and malice,
negligence per se, premises liability, and wrongful death.[1]  On November 14, 2007, the Davises applied for
an independent administration of Terry’s estate, and on April 4, 2008, Curtis
Davis was named administrator of his son’s estate.

          On April 15, 2008, the Davises
nonsuited the case in the 125th District Court and immediately refiled the
underlying suit in Probate Court No. 2. 
Able Body answered with a general denial on June 27, 2008.  On November 14, 2008, Able Body filed its
First Amended Answer, alleging for the first time that the Davises’ claims against
it were barred by the Workers’ Compensation Act, and that workers’ compensation
benefits were their exclusive remedy. 
Able Body later filed a traditional motion for summary judgment,
alleging that the lawsuit was barred by the Texas Workers’ Compensation Act
because the attempted waiver of workers’ compensation coverage by Terry’s
parents was ineffective.  After the
Davises nonsuited any claims not addressed by the motion for summary judgment,
the trial court granted Able Body’s motion. 
This appeal followed.

 

 

 

PROPRIETY OF SUMMARY JUDGMENT

Standard of Review

The
trial court granted Able Body’s traditional motion for summary judgment based upon its exclusive remedies defense. Able Body’s
assertion that the exclusive remedy provision of the Workers’ Compensation Act applies is an affirmative defense. Vega
v. Silva, 223 S.W.3d 746,
748 (Tex. App.—Dallas 2007, no pet.). A defendant is entitled to summary judgment on an
affirmative
defense if
the defendant conclusively proves all the elements of the affirmative defense. Rhone-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 223
(Tex. 1999); Tex. R. Civ. P.
166a. To accomplish this, the defendant-movant must present summary-judgment
evidence that establishes each element of the affirmative defense as a matter of law. Ryland
Group, Inc. v. Hood, 924
S.W.2d 120, 121 (Tex. 1996). To establish the exclusive-remedy defense, a
defendant must show (1) that it was the plaintiff’s employer within the meaning
of the Worker’s Compensation Act and (2) that it was covered by a workers’
compensation insurance policy. W. Steel Co. v. Altenburg, 206 S.W.3d 121, 123 (Tex. 2006).
When reviewing a summary
judgment,
we take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor. IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  

Was Waiver of Coverage by Deceased
Employee’s Parents Effective?

          The Davises do not contest that Terry
was employed by Able Body and that Able Body had a worker’s compensation policy
in place that would have provided coverage to him.  Instead, they argue that they, on Terry’s
behalf, had opted out of workers’ compensation coverage.  Specifically, in their first and second
issues on appeal, the Davises contend that the trial court erred in concluding
that their attempt to waive their son’s workers’ compensation coverage after
his death, but within the five days permitted by the Workers’ Compensation Act,
was ineffective.

          “Recovery of workers’ compensation
benefits is the exclusive remedy of an employee covered by workers’
compensation insurance or a legal
beneficiary against the employer  . .
.  for the death of or a work-related
injury sustained by the employee.”  Tex. Lab. Code Ann. § 408.001(a) (Vernon
2006) (emphasis added).  To successfully bring a survival or wrongful
death action, a plaintiff must show that, had the decedent survived, he would
have been entitled to bring a common-law action for his own injuries.  See
Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 345 (Tex. 1992) (stating
that “the survival action . . . is wholly derivative of the decedent’s rights”
and “wrongful death actions are also derivative of the decedent’s
rights”).  If a decedent would be barred
from a common-law recovery by section 408.001(a) of the Labor Code because he
was covered by a worker’s compensation policy, derivative actions such as
wrongful death and survival actions are similarly barred.  See id.  

          Here, it is undisputed that Able Body
is an “employer” as that term is defined by the Labor Code, and that it had a
worker’s compensation policy in place at the time of Terry’s death.  The question this Court must decide is
whether the Davises’ notice to Able Body the day after their son’s accident was
sufficient to waive his workers’ compensation coverage.

          Section 406.034 of the Labor Code
provides as follows:

(a) Except as otherwise provided by law, unless the
employee gives notice as provided by Subsection (b), an employee of an employer
waives the employee’s right of action at common law or under a statute of this
state to recover damages for personal injury or death sustained in the course
and scope of the employment.

 

(b)  An
employee who desires to retain
the common-law right of action to recover damages for personal injuries or
death shall notify the employer
in writing that the employee waives coverage under this subtitle and retains
all rights of action under common law.  The
employee must notify the employer
not later than the fifth day after the date on which the employee:

          (1) begins the employment[.]

 

. . . .

 

(d) An employee who elects to retain the right of action or a legal beneficiary of that employee may bring a cause of action for damages for injuries sustained
in the course and scope of the employment under common law or under a statute
of this state.  Notwithstanding Section
406.033, the cause of action is subject to all defenses available under common
law and the statutes of this state.

 

Tex. Lab. Code Ann. § 406.034 (Vernon 2006) (emphasis
added).

          The
Davises argue that under the above statute, as Terry’s legal beneficiaries,
they were permitted to notify Terry’s employer of the waiver of workers’
compensation coverage.   Specifically, the Davises contend that because subsection d of the statute
provides that “an employee who elects to retain the right of action or a legal beneficiary of that employee”
may bring a cause of action for damages, “[i]t necessarily follows that
[subsections a and b also] provide[] a legal beneficiary with the right to opt
out of workers’ compensation on behalf of the employee’s estate in order to
pursue those causes of action if the employee dies within the first five days
of employement.”  Essentially, the
Davises argue that we should imply the words “or a legal beneficiary” into both
subsections a and b of the statute.  This
we cannot do.

Statutory construction is a legal question that
we review de novo. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433,
437 (Tex. 2009). Our primary objective in statutory construction is to give effect to the
legislature’s intent. State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006).
In resolving an issue of statutory construction, we first look to the plain language of the statute. Id.
“Where text is clear, text is determinative of that intent” unless enforcing
the plain language would produce absurd results. Entergy Gulf States, Inc.,
282 S.W.3d at 437. We read the statute as a whole and give meaning to the
language that is consistent with other provisions in the statute. Dallas
County Cmty. Coll. Dist. v. Bolton, 185 S.W.3d 868, 873 (Tex. 2005); Tex.
Dep’t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004).
We read every word in a statute as if it were deliberately chosen and presume
that words excluded from the statute are done so purposefully. See Cameron
v. Terrell & Grant, Inc., 618 S.W.2d 535, 540 (Tex. 1981). Only when it
is necessary to give effect to the clear legislative intent may we insert
additional words or requirements into a statutory provision. Id.

          Here, the text of section 406.034 is
clear.  In both subsections that refer to
notifying the employer of a decision
to “opt out” of workers’ compensation coverage, the statute uses the term
“employee” to describe who may provide such notice. Tex. Lab. Code
Ann. § 406.034 (a), (b).  The Labor Code further defines an employee as
“each person in the service of another under a contract of hire, whether
express or implied, or oral or written.” 
Tex. Lab. Code Ann. §
401.012(a) (Vernon 2006).  Terry’s
parents are not employees as that term is defined by the Labor Code. In
contrast, subsection d, which includes both “employee” and “legal beneficiary,”
refers not to notifying an employer
of a decision to “opt out” of coverage, but to bringing a cause of action for damages.  Tex. Lab. Code Ann. § 406.034(d).

The legislature defines the term “legal beneficiary” as “a
person entitled to receive a death benefit under this subtitle.”  Tex.
Lab. Code Ann. § 401.011(29) (Vernon 2006).  The legislature then specifically inserted
this term in defining who could bring a cause of action for common law damages,
see Tex. Lab. Code Ann. § 406.034(d), but omitted the
term when defining who could waive workers’ compensation coverage.  See Tex. Lab. Code Ann. § 406.034(a), (b). The omission
is consistent—every place in which the waiver of worker’s compensation coverage
is discussed, the term “employee” is used and the term “legal beneficiary” is
omitted.  We will not presume that this is an inadvertent omission by
the legislature.

          The Davises also argue that, because
Terry’s father became the administrator of his estate, he was permitted to
exercise Terry’s right to “opt-out” of workers’ compensation coverage.  However, just as the statute does not give a
“legal beneficiary” the right to opt out of workers’ compensation coverage, it
also does not provide the administrator of an estate that right.  We also note that Curtis Davis did not
qualify as the administrator of Terry’s estate until April 4, 2008—almost eight
months after he purported to waive Terry’s workers’ compensation coverage.  On the date the “opt-out” letter was delivered
to Able Body, the Davises had no legal authority to act on behalf of their son
or his estate.

          Nevertheless, the Davises cite Austin Nursing Center, Inc. v. Lovato,
171 S.W.3d 845 (Tex. 2005) and Lorentz v.
Dunn, 171 S.W.3d 854 (Tex. 2005) for the proposition that Curtis Davis’s
lack of authority to act for the estate at the time he made the election should
relate back to the time of the election once he qualified as the administrator
of the estate.  In those cases, the court
applied section 16.068 of the Civil Practices and Remedies Code, and held that
the administrator of an estate’s amended pleading “related back” to cure an
earlier pleading defect in which she had sued as a “personal representative” on
the estate. Lovato, 171 S.W.3d at
853; Lorentz, 171 S.W.3d at 856.  In other words, an amended pleading curing a
defect in the capacity of the party bringing suit relates back to an earlier
pleading.

          However, this case does not involve
the issue of an amended pleading, nor does the Labor Code have a “relation
back” statute similar to section 16.068 of the Texas Civil Practices and
Remedies Code for purposes of opting out of workers’ compensation
coverage.  Thus, Lovato and Lorentz are
inapposite. 

          Finally, the Davises argue that
section 406.034 of the Labor Code violates the Open Courts provision of the
Texas Constitution because it denies them their common-law right to seek
redress for their son’s injuries.  We
disagree.  The Supreme Court has noted
that, under common law, a worker had the right to sue his or her employer for
negligence, but that “injured employees pursuing negligence claims against
their employers recover nothing in a large majority of cases.”  Tex.
Workers’ Comp. Comm’n v. Garcia, 893 S.W.2d 504, 521 (Tex. 1995).  The Court then contrasted the present
workers’ compensation system, which limits employee’s benefits, but relieves
him of the requirement of showing negligence on the part of the employer, and
concluded, “We believe this quid pro quo, which produces a more limited but
more certain recovery, renders the Act an adequate substitute for purposes of
the open courts guarantee.”  Id.

          The Garcia
court also considered a specific challenge to the “opt-out” provision of the
Act, in which the appellants argued that the provision violated the equal
protection and due course of law provisions of the Constitution because, after
the statute went into effect, new employees were permitted to opt out of
coverage, while employees already working when the statute went into effect
were not allowed to opt out.  Id. at 532.  In addressing these claims, the court noted
that “the State has a legitimate interest in requiring employees to make a
binding election at the beginning of their employment” and “[t]he system would
be unworkable if employees could freely opt in and out at any time.”  Id.  Most importantly for purposes of this
case, however, the court noted that “because
the constitutionality of the Act is not predicated on voluntary participation,
the Legislature was not required to afford current employees [as of the date
the Act went into effect] an opportunity to opt out simply because it changed
the scope of benefits.  Id. (emphasis added).

          Thus, we conclude that, because the
Act provides an adequate substitute for an employee’s common-law causes of
action, and because the constitutionality of the Act is not predicated on an
employee’s voluntary participation, the Act does not violate the open courts
provision simply because it limits the people who may exercise such an election
to employees.

          We overrule issues one and two.

Can Employer Rely on Exclusive-Benefit Defense if it Fails
to Provide Statutorily-Required Notice to Employee of Coverage and Right to Opt-out of Coverage?

 

          In issue three, the Davises contend
that, because Able Body did not provide the statutorily-required notice to
Terry of his coverage under the Workers’ Compensation Act and his right to
opt-out of such coverage, it is precluded from relying on the exclusive-benefit
defense.  Able Body does not argue that
it, in fact, gave the required notice, but argues that its failure to do so is
not a bar to the exclusive-benefit defense. 
We agree.

The notice requirements of the Texas Labor Code provide as
follows:

 (a) An employer shall notify each employee as
provided by this section whether or not the employer has workers’ compensation
insurance coverage.

 

(b) The employer shall notify a new
employee of the existence or absence of workers’ compensation insurance
coverage at the time the employee is hired.

 

(c) Each employer shall post a notice
of whether the employer has workers’ compensation insurance coverage at
conspicuous locations at the employer’s place of business as necessary to
provide reasonable notice to the employees. The commissioner may adopt rules
relating to the form and content of the notice and content of the notice.  The employer shall revise the notice when the
information contained in the notice is changed.

 

. . . .

 

(e) An employer commits an
administrative violation if the employer fails to comply with this section.

 

Tex. Lab.Code Ann. § 406.005 (Vernon 2006).   The Labor Code does
not require notice of the right to opt out of coverage, but the Administrative
Code states that within the notice of coverage, the following statement should
be included:

You may elect to retain your common law right of action if,
no later than five days after you begin employment or within five days after
receiving written notice from the employer that the employer has obtained
coverage, you notify your employer in writing that you wish to retain your
common law right to recover damages for personal injury. If you elect to retain
your common law right of action, you cannot obtain workers’ compensation income
or medical benefits if you are injured.

 

28 Tex. Admin. Code § 110.101(a)(5)
(2000) (Tex. Dept. of Ins., Covered and Non-Covered Employer Notices to
Employees). Able Body does not dispute that it failed to provide notice of
coverage to Terry and, thereby, failed to provide notice of the right to
opt-out of such coverage. Rather, Able Body argues their affirmative defense
under the Act does not hinge on whether notice has been provided to the
employee. We agree.



In Wesby v. Act Pipe & Supply, Inc., 199 S.W.3d
614, 618 (Tex. App.—Dallas 2006, no pet.), the court concluded that while the
statute requires employers to provide notice to employees that they are covered
by workers’ compensation insurance, “failure to provide notice will not bar
workers’ compensation coverage or application of the exclusive remedy
provision.” Under section 406.005 of the Labor Code, the failure to notify an
employee of coverage constitutes an administrative violation, punishable only
by fine.  Id. (citing Esquivel
v. Mapelli Meat Packing Co., 932 S.W.2d 612, 616 (Tex. App.—San Antonio
1996, writ denied); see also Blazik v.
Foleys, Inc., 1998 WL 788848, *3 (Tex. App.—Houston [1st Dist. Nov. 12, 1998,
no pet.) (“[T]he exclusivity provision of the [Workers’ Compensation] Act does
not hinge on whether notice has been provided to the employee.”); Bradley v.
Phillips Chem. Co., 2007 WL 1302403, *3 (S.D. Tex. 2007) (citing Wesby,
199 S.W.3d at 618; Esquivel, 932 S.W.2d at 616; Blazik, 1998 WL 788848, *3 (all stating
exclusive-remedy provision of Act does not hinge on whether notice has been
provided to employee)); 

We overrule issue three.

 

Is Employer Estopped from Relying on Exclusive-Remedy
Defense When It Did Not Challenge Employee’s Parents’ Attempted Waiver of
Workers’ Compensation Until After Deadline for Filing Workers’ Compensation
Claim had Expired?

 

          To be eligible to receive death
benefits under the Workers’ Compensation Act, the Davises were required to file
a claim within one year of Terry’s death. 
See Tex. Admin. Code § 122.100(a), Tex. Lab. Code § 408.182(d). 
However, pursuing a strategy of attempting to exercise Terry’s right to “opt-out”
of workers’ compensation coverage, the Davises timely filed a negligence
lawsuit, but deliberately chose not to file a workers’ compensation claim.  In issue four, the Davises contend that Able
Body should be estopped from relying on the exclusive remedy defense because it
“did not challenge the Davises’ waiver of worker’s compensation coverage . . .
until . . . after the Davises’ deadline to file a workers’ compensation claim
expired.”  Consequently, the Davises
argue that they “have now lost the opportunity to pursue workers’ compensation
death benefits because of their reliance on Able Body’s acceptance of their
election.”

          Because the Davises’ estoppel argument
is in the nature of an affirmative defense to Able Body’s exclusive-remedy
defense, the burden is on the Davises to raise a fact question for each of the
elements of estoppel.  See Am. Petrofina, Inc. v. Allen, 887
S.W.2d 829, 830 (Tex. 1994) (holding plaintiff had burden to present evidence
on each element of fraudulent concealment, which was affirmative defense to
defendant’s limitations defense).

The elements of an estoppel defense are (1) a false representation
or concealment of material facts, (2) made with knowledge, actual or
constructive, of those facts, (3) with the intention that it should be acted
on, (4) to a party without knowledge or means of obtaining knowledge of the
facts, (5) who detrimentally relies on the representations. Schroeder v.
Tex. Iron Works, Inc., 813 S.W.2d 483, 489 (Tex. 1991), overruled on
other grounds by In re United Servs. Auto. Ass’n, 307 S.W.3d 299 (Tex.
2010).

Here, the Davises presented no summary-judgment evidence to raise
a fact issue regarding whether Able Body made any misrepresentation of fact to
them about the attempted waiver of workers’ compensation coverage.  Likewise, the Davises presented no summary-judgment
evidence to raise a fact issue on whether they had no knowledge or means of
obtaining knowledge of the facts regarding the attempted waiver of workers’
compensation.  Finally, the Davises
presented no evidence to raise a fact issue on whether they are prohibited from
filing a workers’ compensation claim, i.e., whether they detrimentally relied
on any alleged misrepresentation by Able Body. 
In fact, we note that section 409.004 of the Act provides as follows:

Failure to file a claim for compensation with the division
as required under Section 409.003 relieves the employer and the employer’s
insurance carrier of liability under this subtitle unless:

(1) good cause exists for failure to file a claim in a
timely manner; or 

(2) the employer or the employer’s insurance carrier does
not contest the claim.

 

Tex. Lab. Code Ann. § 409.004 (Vernon 2006). 
There is nothing in the record to raise a fact issue about whether the
Davises have, despite the untimeliness of their claim, attempted to show good
cause for their failure to file a claim or whether Able Body or its insurer
have contested their right to file a claim.

          Because the Davises have not raised a
fact question on each element of their estoppel defense, they have not defeated
Able Body’s exclusive-remedy defense.

          We overrule issue four.

CONCLUSION

          We affirm the judgment.

 

          

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Massengale.

 











[1]           The Davises also sued the building
contractors, but those claims were settled and the case proceeded against Able
Body as the sole defendant.