Opinion issued February 23, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00668-CV

———————————

Juan
Garcia, Appellant

V.

AZZ INCORPORATED, Appellee



 



 

On Appeal from the 189th District Court

Harris County, Texas



Trial Court Case No. 20164531

 



 

MEMORANDUM OPINION

 

This appeal arises from a summary
judgment granted in favor of AZZ Incorporated (AZZ), the former employer of
Appellant Juan Garcia.  Garcia sued AZZ
for negligence and gross negligence after Garcia claimed he sustained multiple
workplace injuries at AZZ.  AZZ filed a
motion for summary judgment, asserting that Garcia’s suit was barred by the exclusive
remedy provision of the Texas Workers’ Compensation Act (the “Act”).  See Tex. Lab. Code Ann

§ 408.001 (West 2006).  The trial court granted the motion
and Garcia appealed.  

We affirm.

Background

Garcia was employed by AZZ for approximately
six weeks before he resigned in September 2010.  In his affidavit, which he filed in response
to AZZ’s motion for summary judgment, Garcia averred that he sustained three work-related
injuries while working at AZZ: two back injuries and a burn.  Garcia further avers that, although he repeatedly
asked his supervisors if he could be seen by a doctor, he was told to keep
working or be fired, and that he was never provided access to a doctor or told
how to see one.  Garcia’s affidavit
concludes:  “I stopped working at AZZ
because of my injuries, for which I was provided no medical care by AZZ, nor by
any person or organization understood by me to be associated with AZZ.”

Garcia sued AZZ shortly after he
resigned, alleging claims of negligence and gross negligence.  In its answer, AZZ generally denied Garcia’s
allegations and asserted that Garcia’s claims are barred by the exclusive
remedy provision of the Act.  See
Tex. Lab. Code Ann §
408.001.  Garcia filed a supplemental
petition in which he alleged that the doctrine of quasi-estoppel prevents AZZ
from asserting the exclusive remedy defense because AZZ allegedly took a
position inconsistent with the defense when it prevented Garcia from obtaining
medical care for his injuries.  

AZZ moved for summary judgment.  Its summary judgment evidence established the
applicability of the exclusive remedy provision, i.e., that Garcia was an
employee who was covered by a workers’ compensation policy at the time of his
injury.  Garcia did not dispute that AZZ’s
evidence established the applicability of the exclusive remedy provision.  Instead, Garcia argued that the doctrine of quasi-estoppel
prevents AZZ from availing itself of the defense.  The trial court granted AZZ’s motion for summary
judgment, and Garcia appealed.

Propriety
of Summary Judgment

A.  
Standard of Review 

We review a trial court’s summary
judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  A defendant is entitled to
summary judgment on an affirmative defense if the defendant conclusively proves
all the elements of the affirmative defense. 
Tex. R. Civ. P. 166a; Havlen v. McDougall, 22 S.W.3d 343, 345
(Tex. 2000); Rhone–Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999).  To
accomplish this, the defendant must present summary judgment evidence that
establishes each element of the affirmative defense as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).  The burden then shifts to the nonmovant to raise
an issue that would preclude summary judgment. 
City of Houston v. Clear Creek
Basin Authority, 589 S.W.2d 671, 678–79
(Tex. 1979); see also G.C. Bldgs., Inc.
v. RGS Contractors, Inc., 188 S.W.3d 739, 742 (Tex. App.—Dallas 2006, no
pet.) (“If the defendant’s motion and summary judgment evidence establish its
right to judgment as a matter of law, the burden then shifts to the party
opposing the motion to raise a genuine issue of material fact or show the
defendant’s legal position is unsound.”).

B.  
Applicable Law

1.    
The Act’s Exclusive Remedy Provision

“The Texas Workers’ Compensation Act is
the exclusive remedy for work-related injuries with the exception of
intentional injury.”  Reed Tool Co. v. Copelin, 689 S.W.2d
404, 406 (Tex. 1985); See Tex. Lab. Code Ann. § 408.001(a) (“Recovery of workers’
compensation benefits is the exclusive remedy of an employee covered by workers’
compensation insurance coverage . . . .”).  The exclusive remedy
provision is an affirmative defense that the defendant must plead and
prove.  See Exxon Corp. v. Perez, 842 S.W.2d 629, 630–31 (Tex 1992).  To
establish the exclusive-remedy defense, a defendant must show (1) that it was
the plaintiff’s employer within the meaning of the Act and (2) that it was
covered by a workers’ compensation insurance policy.  W. Steel
Co. v. Altenburg, 206 S.W.3d 121, 123 (Tex. 2006).  

Courts have recognized narrow exceptions to the exclusive
remedy defense.  See, e.g., Medina v. Herrera,
927 S.W.2d 597, 601 (Tex. 1996) (discussing narrowness of intentional tort
exception); Urdiales v. Concord Techs.
Del., Inc. 120 S.W.3d 400, 406 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied) (discussing “personal animosity” exception).  But it is well settled that the exclusive
remedy provision applies and bars claims of negligence and gross negligence even
in cases in which the employer fails to provide an employee with notice of the
availability of workers’ compensation benefits, as required by the Act.  See Tex. Lab. Code Ann. § 406.005 (West
2006) (failure to provide notice of benefits constitutes an administrative
violation punishable by fine); Wesby v. Act Pipe & Supply, Inc.,
199 S.W.3d 614, 618 (Tex. App.—Dallas 2006, no pet.) (failure to notify
employee of coverage constitutes administrative violation punishable only by
fine, and exclusivity provision does not hinge on whether notice has been
provided to employee); Blazik v. Foleys,
Inc., 1998 WL 788848, *3 (Tex. App.—Houston [1st Dist.] Nov. 12, 1998, no
pet.) (not designated for publication) (same); Warnke v. Nabors Drilling USA, L.P., 01-09-00734-CV, 2011 WL
4836199, *3 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (op. on reh’g)
(“[T]he exclusivity bar does not hinge on whether notice has been provided to
the employee”).

 

2.    
Quasi-estoppel

“Quasi-estoppel precludes a party
from asserting, to another’s disadvantage, a right inconsistent with a position
previously taken.”  Lopez
v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 864 (Tex. 2000).  “The doctrine applies when it would be unconscionable
to allow a person to maintain a position inconsistent with one to which he
acquiesced, or from which he accepted a benefit.”  Id.  “Thus, quasi-estoppel forbids a party from
accepting the benefits of a transaction and then subsequently taking an
inconsistent position to avoid corresponding obligations or effects.” 
Reliant Energy Servs., Inc. v.
Cotton Valley Compression, L.L.C., 336 S.W.3d 764, 792 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting
Eckland Consultants, Inc. v. Ryder, Stilwell
Inc., 176 S.W.3d 80, 87 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).

C.  
Analysis

AZZ’s summary judgment evidence
established that AZZ was Garcia’s employer within the meaning of the Act.  Likewise, the summary judgment evidence
proved that AZZ was covered by a workers’ compensation insurance policy during
the relevant time period.  Garcia does
not dispute either element of AZZ’s exclusive remedy defense.  Rather, Garcia contends that AZZ should be
estopped from availing itself of the exclusive remedy defense because, as he
averred in his summary judgment affidavit, each time he asked his supervisors
to be seen by a doctor, he was “told to keep working or be fired” and he was
“not provided access to a doctor, nor told how to gain access to a
doctor.”  AZZ responded in its summary
judgment briefing, as it does on appeal, that there is no recognized quasi-estoppel
exception to the exclusive remedy provision, and urges us to reject Garcia’s
invitation to create one.  We agree with
AZZ.

Garcia’s complaint is that AZZ failed to provide him with
information about workers’ compensation coverage and benefits (i.e., how to
obtain medical treatment).  Many courts,
including this one, have concluded that the exclusive remedy provision bars
negligence and gross negligence claims despite an employer’s failure to provide
employees with notice of worker’s compensation coverage.  See,
e.g., Wesby, 199 S.W.3d at 618 (exclusivity
provision does not hinge on whether notice has been provided to employee); Blazik, 1998 WL 788848, at *3 (same); Warnke, 2011 WL 4836199, at *3 (“the exclusivity
bar does not hinge on whether notice has been provided to the employee”).  

Our recent opinion, Warnke
v. Nabors Drilling USA, L.P., is particularly instructive.  See
Warnke, 2011 WL 4836199 at *3.  Warnke
was injured while working for Nabors and sued Nabors, asserting negligence and
other claims.  Id. at *1.  His summary
judgment evidence showed (1) that, before he was injured, his supervisor told him
that he was not covered by a worker’s
compensation policy and (2) after his injury, a Nabors employee in the human
resources department told Warnke’s wife that Warnke was not a Nabors employee
and would not be provided with workers’ compensation benefits.  Id.  Warnke
argued that Nabors’s conduct precluded it from availing itself of the exclusive
remedy defense.  Noting that “the exclusivity
bar does not hinge on whether notice has been provided to the employee,” we
held the exclusive remedy provision barred Warnke’s common law negligence claim
against Nabors and affirmed the trial court’s summary judgment on Warnke’s
negligence claim.  Id. at *3.  

This case presents analogous facts.  Even taking as true Garcia’s evidence that
AZZ failed to provide him with medical care, access to a doctor, and information
about how to gain access to a doctor, we conclude that AZZ is not precluded
from asserting the exclusive remedy defense as a bar against Garcia’s negligence
and gross negligence claims.[1]  See
Warnke, 2011 WL 4836199, at *3; Wesby,
199 S.W.3d at 618; Blazik, 1998 WL
788848, at *3.  We conclude that AZZ met
its summary judgment burden to establish the applicability of the exclusive
remedy defense under the Act, and that Garcia failed to raise an issue of fact
precluding summary judgment.  We overrule
Garcia’s sole issue.  

Conclusion

          We affirm the trial court’s judgment.  

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.

 











[1]
          Garcia did not adduce any summary judgment proof of any
misrepresentation on the part of AZZ, nor did he assert claims of fraud or
negligent misrepresentation in his pleadings. 
Therefore, we do not address the availability of the exclusive remedy
defense in cases in which a plaintiff asserts that an employer committed fraud
or negligent misrepresentation, or that such conduct caused the employee an
injury separate and apart from the underlying physical on-the-job injury.  Cf Warnke
v. Nabors Drilling USA, L.P.,
01-09-00734-CV, 2011 WL 4836199, *6–9 (Tex. App.—Houston [1st Dist.] Aug. 25,
2011, no pet.) (op. on reh’g).